Bersch *v.* Dittrick.

⎯⎯⎯ ⟨ ● ● ◦ ⟩ ⎯⎯⎯

BERSCH, Respondent, *vs.* DITTRICK *et al.*, Appellants.

| 19 | 129 |
|---|---|
| e94a | 695 |

1. The plaintiff sued for services from January 17 to June 15, 1853. The defendants answered that, *on or about* January 17, 1853, the plaintiff contracted to serve them for one year from January 17, and that he quit without cause before the expiration of the year. This answer was stricken out for the reason that, consistently with its allegations, the contract might have been made *prior* to January 17, for a year's service to commence at a future day, which would be within the statute of frauds. *Held,* it was error to strike out the answer, that section of the code being applicable, which says that the allegations of pleadings shall be liberally construed, with a view to substantial justice.

*Appeal from St. Louis Law Commissioner's Court.*

*Cline* and *Thompson*, for appellant. I. The court erred in sustaining the motion of the plaintiff for judgment notwithstanding the answer, because there is a specific denial of the allegations contained in the plaintiff's petition.

The answer sets up a consistent, substantial defence, independent of the denial, and does not admit the monthly value of any services whatever.

The answer, for all purposes for which we have to do with it, must be taken as true ; it sets up the fact that the plaintiff was retained as clerk and servant by the defendants for the space of one whole year from January 17, 1853. This contract, as set up in defendant's answer, is clearly not barred by the statute of frauds. *Benton* v. *Colliger*, 4 Bingh. 309. 2 Car. & P. 607. *Sykes* v. *Dixon*, 9 Adol. & Ellis, 693. Chitty on Cont. 68.

This contract, as set up in defendants' answer, shows a general hiring to commence in the present, and to terminate in one year ; this we hold to be binding, though not in writing. Authorities above cited.

*H. N. Hart*, for respondent. I. Does the answer in this case set up a contract made on a day certain, and to complete and terminate within one year from the day of the making of the said agreement ? II. Does the answer deny that the respondent did work and labor for appellants, as stated in the petition, and at the price and sum per month, as stated ? 1. The answer is too vague and uncertain as to the allegation setting up a parol contract, to bring the same out of the statute of frauds. The language of the statute is, " or upon any agreement that is not to be performed within one year from the making thereof." 5 sec. Frauds and Perjuries, R. C. 529. 2. The answer does not, with any certainty, set up a contract made with respondent on a day certain, and that one year from the 17th of January, 1853, was one year from the day of the making of the verbal contract. 3. A parol agreement for a year, made before the commencement of the year, is void for not being in writing. 5 sec. of stat. 1845, Frauds and Perjuries, 529. 11 Verm. 428. 3 Hill, 128. 16 Conn. 246. 1 Denio, 602. 1 ib. 606.

GAMBLE, Judge, delivered the opinion of the court.

1. The plaintiff sued for services rendered to the defendants from the 17th January to the 15th June, 1853, at $66 66⅔ per month. The defendants answered that the plaintiff, *on or*

*about* the 17th January, agreed with the defendants to serve them in their store for the period of one whole year from the said 17th of January, at the salary of $800, and that, under the said agreement, the plaintiff, *on or about* the said 17th of January, entered upon the service and continued therein until the 15th of June, when, without cause or reason, he quit the service and refused to comply with his contract.

The court below treated the contract set up in the answer as void, under the statute of frauds, because it did not appear to be one which was to be performed within a year, and gave judgment for the plaintiff on the answer.   The argument made here to sustain the decision of the court is, that the answer, by stating that the contract was made *on or about* the 17th of January, for services to commence on the 17th of January and to continue for a year, embraces a case in which the contract was made several days prior to that day, so as to be a contract for a year's service to commence in the future.   The answer in this case is so drawn as to present a case which will be within the statute, while, at the same time, its terms describe a contract which may not be within it.   " On or about" a given day may, in literal strictness, mean on the day, or on a day either before or after the day.   As this allegation in the answer may cover a contract which is not affected by the statute, it is thought proper to apply to it the rule declared in the 5th section of the 7th article of the code, in these words : " In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."   In the present case, it will be entirely within the power of the court, upon the trial of the case, to give full effect to the statute, if the contract which the defendants may prove shall appear to be one for a year's service, to commence in the future.   The course which has been adopted of rendering judgment on the answer, assumes that the contract is void because it may, consistently with the allegation of the answer, have been made some time prior to the 17th of January.   Although such case would be consistent

with the allegation in the answer, yet it would be equally consistent therewith that the contract was made on the 17th January, or even on a day subsequent.

The judgment is reversed, with the concurrence of the other judges, and the cause remanded.