WESTLAKE, Plaintiff in Error, *vs.* MOORE, Defendant in Error.

1. A simple denial is a sufficient answer to a simple allegation of indebtedness.

*Error to St. Louis Circuit Court.*

*Hudson & Thomas* and *Fenly*, for plaintiff in error.
*Knox & Kellogg*, for defendant in error.

GAMBLE, Judge. In this case, the question to be determined was merely a question of fact. The plaintiff claimed for services and attendance rendered to defendant on a journey from San Francisco to St. Louis, and for money expended for the use of the defendant. With the petition and as a part of it, is filed an account, in which the money alleged to have been expended by the plaintiff for the use of the defendant, appears to have been expended in defraying the personal expenses of the plaintiff on the journey home. The answer denied that the defendant was indebted to the plaintiff for any one of the items stated in his petition. The question on the trial was, whether the plaintiff had engaged, in consideration of advances made to him in California by the defendant, to attend upon the defendant on the homeward journey without charge. This was the question put to the jury by the only instruction given by the court. The instructions asked by the plaintiff, and refused by the court, were rightly refused, as they were intended to hold the defendant liable to the plaintiff, notwith-

standing he agreed to attend the defendant without charge. The second instruction asked by the plaintiff and refused, was intended to hold the defendant liable for money expended, because, in his answer, he had not specifically denied the allegation of the petition. The allegation is to be taken in connection with the account filed and made part of the petition, and by it we see that the money was spent in defraying the plaintiff's own personal expenses. In such case, there being no allusion to any special contract, there could be no stronger denial than is contained in the answer of the defendant. He says he does not owe the plaintiff, nor is he indebted to the plaintiff for any one of the items, or for any part of any one of the items set out in the plaintiff's petition ; that he does not owe the plaintiff for money paid, laid out and expended by plaintiff for the use of the defendant, either in California or on the voyage from there to St. Louis. He was not bound to deny that the plaintiff paid the money for his own expenses, and he does deny that it was paid for his (the defendant's) use. The court, then, properly refused to tell the jury that this item for money expended was admitted. There is no question of law in the case requiring examination. The judgment is, with the concurrence of the other judges, affirmed.