Elton *v.* Markham.·

---

ELTON *vs.* MARKHAM.

A single exception to a series of decisions, one of which decisions is correct, is unavailing.

A complaint alleged that the plaintiff, on or about the 31st day of May, 1851, was lawfully possessed, as of his own property, of one large gold English lever watch of the value, &c., and that the plaintiff, on or about the time above stated, did lend said watch, without any consideration therefor, to the defendant, for the space of four days, with the promise on the part of the defendant that within that time said watch should be returned to the plaintiff, its rightful owner. It then charged that the defendant knew the watch was the property of the plaintiff, and that with intent to defraud &c., he had not delivered it to the plaintiff, &c., but had "converted and disposed of it to the defendant's use," &c.

*Held,* 1. That the allegation that the watch was lent to the defendant, by the plaintiff, although not necessary to be made, in that form, was a material allegation, for the purpose of connecting the defendant with the property, so as to lay a foundation for the allegation of a refusal to deliver it, on request, and of a conversion ; and was issuable.

2. That a denial, in the answer, that the plaintiff, "on or about the 31st day of May, 1851, did leave such watch as aforesaid with the defendant, for any period, with the promise of this defendant to return the same to the plaintiff," was bad pleading, in form ; it being a negative pregnant ; but that it controverted the allegation as to the lending of the watch to him, and put it in issue, within the meaning of § 168 of the code. That it was an informal denial, and unless objection was made, for defect of form, before trial, it would be waived, and each allegation would be regarded as controverted.

3. That an allegation, in the answer, that the defendant was "not informed" and could "not state," whether the plaintiff was, at the time stated in the com-

plaint, possessed as of his own property, of the watch, was not warranted by the code.

4. That a denial of all fraudulent intent on the part of of the defendant, " or any unlawful conversion of said watch to his own use," formed no material issue in respect to the intent; and that the denial of any unlawful conversion was not intended to controvert that the defendant actually converted and disposed of the property to his own use, but simply the unlawfulness of what he did.

5. That an averment, in the answer, of a sale and delivery of the watch to the defendant was not inconsistent with the allegation in the complaint, of a bailment, and therefore a denial of it; it not appearing, on the face of the pleadings, that the sale was not subsequent to the bailment.

A denial, in an answer, must be general or specific, or it must be of any knowledge or information, &c., sufficient to form a belief.

APPEAL, by the plaintiff, from a judgment entered at a special term of the court, after a trial at the circuit. The complaint was as follows : " Nathaniel Elton, the plaintiff in this action, complains of Thomas Markham, the defendant, for that the said plaintiff on or about the 31st day of May, 1851, was lawfully possessed as of his own property, of one large gold English lever watch, of the value of one hundred and twenty-five dollars, and that the said plaintiff, on or about the time above stated, in the town of Perinton, county of Monroe, did lend said watch, without any consideration therefor, to the defendant in this action, for the space of four days, with the promise on the part of the defendant, that within that time said watch should be returned to the plaintiff, its rightful owner, and that the defendant well knew that said watch was the property of and belonged to the plaintiff, but fraudulently intending to defraud and deceive the said plaintiff, has not delivered said watch to the plaintiff, although often requested so to do, but has converted and disposed of said property to his own use, to the damage of the plaintiff of one hundred and fifty dollars; wherefore the above named plaintiff demands judgment against the above named defendant for the sum of one hundred and fifty dollars, besides costs."

The defendant put in the following answer : " The defendant for answer to the complaint of the plaintiff, says that he is not informed and cannot state whether the plaintiff, on or about the 31st day of May, 1851, was possessed as of his own prop-

erty of one large gold English watch. And the defendant further answering specifically denies that the plaintiff, on or about the 31st day of May, 1851, did leave such watch as aforesaid, with the defendant in this action for any period, with the promise of this defendant to return the same to the plaintiff. And the defendant denies all fraudulent intent on his part toward the plaintiff, or any unlawful conversion of said watch to his own use. The defendant further answering, says that the plaintiff, on or about the 31st day of May, 1851, at the place in said complaint mentioned, for a full consideration, agreed to be paid by the defendant to the plaintiff, sold and delivered the said watch to the defendant."

The plaintiff replied, denying that on or about the 31st day of May, 1851, or at any other time, for a full consideration, or for any consideration, agreed to be paid by the defendant, the plaintiff sold the watch mentioned, to the defendant; but that the defendant wrongfully and unlawfully converted the same, while it was the property of the plaintiff. On the trial, at the Ontario circuit, before Justice Taylor and a jury, the plaintiff gave no evidence, but relied upon the pleadings to recover, claiming that no material allegation of the complaint was denied by the answer, so as to require proof from the plaintiff to entitle him to recover, &c., and requested the court so to hold. The court refused, and held that each allegation was sufficiently denied to require proof of the same, by the plaintiff; to which ruling the plaintiff by his counsel excepted.

The jury found a verdict for the defendant; and a motion having been made, at a special term, for a new trial, upon exceptions, the same was denied.

*S. V. R. Mallory*, for the plaintiff.

*J. C. Smith*, for the defendant.

*By the Court*, T. R. STRONG, J. It was insisted on the part of the plaintiff at the trial, that none of the material allegations in the complaint were controverted by the answer,

and that all of them must, therefore, under section 168 of the code, for the purposes of the action, be taken as true; hence that upon the complaint and answer the plaintiff was entitled to a verdict; and the justice was requested by the plaintiff's counsel so to decide. The justice refused thus to decide; but on the contrary decided, that said allegations were, and that each of them was sufficiently denied to put the plaintiff to the proof thereof, and that without proof of the said allegations, and each of them, the plaintiff could not recover. An exception was taken on the part of the plaintiff, to the refusal of the justice " to decide and hold as requested, and to the decision and ruling of the said justice as above stated." It is manifest, that the refusal to decide, in accordance with the proposition submitted—that every thing material in the complaint was admitted, and that the plaintiff was entitled to a verdict—is substantially different from the decision thereupon made—that each material allegation must be proved, in order to maintain the action. The refusal was correct, if proof of any one of the allegations was necessary to entitle the plaintiff to a verdict; the decision following it was erroneous, unless proof of all that are material was necessary. But as the exception is single—embracing both the refusal and the subsequent decision—unless both were erroneous, the exception must fail. In *Jones* v. *Osgood*, (2 *Selden*, 233,) it was held that "a general exception to a charge and every part of it, when the charge involves more than a single proposition of law, and is not in all respects erroneous, presents no question for review upon appeal." The same doctrine is reiterated in *Caldwell* v. *Murphy*, (1 *Kernan*, 416;) and it is said in that case, in reference to a similar exception: "This has so often been held insufficient, that no further remark respecting it is now necessary." Clearly, upon the same principle, a single exception to a series of decisions, one of which is correct, is unavailing.

The complaint is substantially, that the plaintiff, " on or about the 31st day of May, 1851, was lawfully possessed as of his own property, of one large gold English lever watch," stating its value, "and that the said plaintiff, on or about the time above

Elton *v.* Markham.

stated, &c., "did lend said watch, without any consideration therefor, to the defendant in this action, for the space of four days, with the promise, on the part of the defendant, that within that time said watch should be returned to the plaintiff, its rightful owner;" it is then charged that the defendant knew the watch was the property of the plaintiff, and that with intent to defraud, &c., he has not delivered it to the plaintiff, although often requested, but has "converted and disposed of it to the defendant's use," to the plaintiff's damage of $150; and judgment is demanded for that sum, with costs.

It does not appear by the complaint, that the watch ever came into the possession, or under the control of the defendant, except by the allegation that it was lent to him by the plaintiff. That allegation is therefore a material one. It was not necessary to make it; a general allegation that the defendant had the watch in his possession, without stating how he acquired it, would have been sufficient to connect the defendant with the property; but it was necessary to connect the defendant with it in some way, to lay a foundation for the allegation of a refusal to deliver it to the plaintiff on request, and of a conversion; and the plaintiff having chosen to do it in the mode adopted, and in no other mode, the allegation employed for the purpose is an issuable allegation.

The third paragraph of the answer is in these words: "And the defendant further answering, specifically denies that the plaintiff, on or about the 31st day of May, 1851, did leave such watch as aforesaid with the defendant in this action, for any period, with the promise of this defendant to return the same to the plaintiff." This is bad pleading in form; it is a negative pregnant; the denial may be strictly true, and yet only the time stated in that part of the complaint to which it is intended to apply—which is wholly immaterial—be wrong. But this form of pleading was formerly, when a general demurrer would lie for defects in substance, and a special demurrer was required for formal defects, only the subject of a special demurrer; and unless demurred to specially, it put every thing material to which it applied in issue. (*Gould's Pl. ch.* 6, *part*

1, § 29 to 36.   Bac. Ab. tit. Pleas and Pleadings, 6.)   Although still objectionable, it cannot, I think, be said that it does not controvert the allegation to which it relates, within the meaning of section 168 of the code.   It is an informal denial, and unless objection is made for defect of form, before the trial, it will be waived, and each allegation will be regarded as controverted.   One mode of objecting to such a defect is, I think, by motion, under section 160 of the code, the last clause of which provides that " when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." Whether that is the only mode, it is not necessary now to decide.

Overlooking the defect of form, which has been considered, I think the portion of the answer above given, substantially controverts the allegation in the complaint, of the lending of the watch to the defendant.   Webster's definition of the word "lend" is, " 1. To grant to another for temporary use, on the express or implied condition that the thing shall be returned, as to lend a book."   A " loan for use " is defined by writers on the law of bailment to be "a bailment of goods to be used by the bailee temporarily, or for a certain time, without reward." (Story on Bailment, § 6, 219, 220.)   Thus understanding the term "lend" in the complaint, the delivery of the watch to the defendant, and his promise to return it, are included in the allegation that the plaintiff lent the watch to the defendant. The answer, instead of a literal denial, negativing the allegation in the words of it, denies that the plaintiff did leave the watch with the defendant for any period, with his promise to return it.   This meets the substance of the allegation, and puts it in issue.

The first paragraph in the answer is, that the defendant " is not informed and cannot state," whether the plaintiff was, at the time stated in the complaint, possessed as of his own property of the watch.   The code does not warrant this form of denial.   A denial must be general or specific, or it must be,

Elton *v.* Markham.

" of any knowledge or information, &c. sufficient to form a belief." The third paragraph denies all fraudulent intent on the part of the defendant, " or any ulawful conversion of said watch to his own use." The denial of the intent forms no material issue ; and the denial of any unlawful conversion was not intended to controvert that the defendant actually converted and disposed of the property to his own use, but simply the unlawfulness of what he did. This is apparent from the fourth and last paragraph of the answer, which is, that the " plaintiff, on or about the 31st day of May, 1851, &c., sold and delivered the said watch to the defendant." And the whole answer must be regarded in giving a construction to any part of it. The answer does not purport to, and does not in fact, set up separate defenses. The several denials and the new matter are designed to aid and support each other.

It is contended on the part of the plaintiff, that the concluding part of the answer, alleging a sale and purchase, is inconsistent with the allegation in the complaint, of a bailment, and therefore a denial of it. If the supposed inconsistency existed, without some further denial, no proof of the bailment would have been requisite on the part of the plaintiff in the first instance ; he would have been entitled to recover, unless the defendant established the new matter of a sale and purchase, brought forward by him in his defense ; the burden of proof as to which was upon him. But the complaint and answer, in the respect alluded to, are not necessarily inconsistent. For ought that appears on the face of the pleadings, the sale was subsequent to the bailment.

There being one material issue formed by the mere denials in the answer, the exception taken must be overruled, and the judgment affirmed.

[MONROE GENERAL TERM, September 3, 1855. *Selden, Welles* and *T. R. Strong,* Justices.]