Peyton v. Rose.

MISSOURI PEYTON, Plaintiff in Error, *v.* OLIVER C. P. ROSE, Defendant in Error.

1. *Practice—Trials—Evidence—Variance—Exceptions.*—Where objections are made to the admissibility of evidence on the ground of variance, objections must be taken at the trial and be preserved by bill of exceptions.

2. *Practice—Pleadings—Joinder of Actions—Error.*—Where different causes of action, although arising out of the same transaction, are united in the same count of the petition, the defect will be fatal on demurrer, motion in arrest of judgment, on writ of error or appeal, as the error appears on the face of the record.

3. *Practice—Ejectment—Equity—Fraudulent Conveyance.*—In a bill to set aside a deed as fraudulent as to creditors, the plaintiff cannot sue for the recovery of the possession of the land. A bill in equity is not the proper remedy for the recovery of the possession of real estate, as there is an adequate remedy at law. When a decree is entered setting aside the conveyance as fraudulent, the plaintiff can then sue in ejectment for the recovery of the possession. In an action for the recovery of the possession of land, the defendant is entitled to a trial by jury. In a bill to set aside a conveyance as fraudulent as against a purchaser at sheriff's sale, the purchaser is not entitled to a decree against the fraudulent grantee vesting the title in the plaintiff; for if the conveyance was fraudulent, the grantee took no title as against the creditor.

*Error to Fifth District Court.*

*H. M. & A. H. Vories,* for plaintiff in error.

*Hall & Oliver,* and *Woodson & Jones,* for defendant in error.

I. The defendant in his answer having admitted that suit was brought by Wm. S. Peyton against Francis Marion Rose, by the name of Marion Rose, and that judgment was recovered as stated in said petition, was precluded from raising on the trial the question of variance between the said allegations of the petition and the record of said suit and judgment—Cummings v. Gubridge, 17 Mo. 470.

II. There is no variance between the allegations of the petition and the proof adduced on the trial—1 Greenl. Ev. 67 ; 1 Cow. & H. Notes to Phill. Ev. 674; 5 Pick. 232, 235; Crane v. Dygel, 4 Wend. 675 ; 4 Allen, 376 ; 7 Greenl. R. 131 ; Beach et al. v. Curle's Adm'r, 15 Mo. 115.

III. The facts set forth in the petition and proved on the trial entitle plaintiff to the relief decreed by the court—Lilland v. McGee, 4 Bibb, 165; Fox v. Hill, 1 Conn. 295; 18 Pick. 131; Rankin v. Harper, 23 Mo. 584; Dunnica v. Coy, 24 Mo. 168.

HOLMES, Judge, delivered the opinion of the court.

The plaintiff recovered judgment in this action in the Buchanan Court of Common Pleas, which was affirmed on writ of error to the District Court of the fifth district, and the defendant appeals to this court.

The case appears to have been tried in the court below as a cause of action in the nature of a bill in equity. The general object of the petition was to have a conveyance declared void as being a fraud upon the rights of the plaintiff. It was alleged, among other things, that one Wm. S. Peyton, the father of the plaintiff, had brought a suit against one Francis Marion Rose for damages, and that, pending the suit, the said Rose had conveyed the farm in question to his brother,

the defendant herein, with a fraudulent intent to avoid the payment of any judgment that might be recovered against him in said suit; that the plaintiff recovered a judgment therein for one thousand dollars damages; and that at the sheriff's sale, under execution issued upon said judgment, and levied upon this land, the plaintiff had become the purchaser at the price and sum of five dollars and received the sheriff's deed for the land; and the prayer was that said conveyance from Francis Marion Rose to the defendant be cancelled and held for naught, and that the plaintiff might have a judgment for the possession of said real estate.

Without going further at present with the statement of the case, it is apparent here, for one thing, that the plaintiff must show some right, title or interest in the land vested in herself before she can have any standing in a court of equity, or be in a position to question this conveyance, or to complain of the fraud alleged; and this is enough to call for a consideration of the questions of law arising upon the exceptions taken by the defendant to the admision of the evidence offered by the plaintiff for the purpose of proving a title vested in her.

The allegations were substantially that the suit had been brought by the plaintiff therein against Francis Marion Rose, by the style and description of Marion Rose, for the recovery of damages for the seduction of his daughter; that the plaintiff had recovered a judgment therein against said Francis Marion Rose for the sum of one thousand dollars damages; that the sheriff levied upon and sold, under the execution, all the right, title and interest of said Marion Rose in and to said real estate; that the plaintiff here, as the purchaser at the sale, received a deed from the sheriff for all the right, title and interest of said Francis Marion Rose in said real estate, and that during the pendency of the suit the said Francis Marion Rose had made the fraudulent conveyance in question, in collusion with the defendant, for the purpose of preventing a collection of the judgment to be obtained, and with intent to hinder, delay and defraud creditors. The

record, execution and sheriff's deed were all in the name of Marion Rose. The answer of the defendant ran in the name Francis Marion Rose (who is sued by the name of Marion Rose), and the evidence showed that his true name was Francis Marion Rose. The execution was for the sum of one thousand dollars damages and $91.75 costs, and the names of the parties and the dates and amount of the judgment and execution were correctly written in the deed. Exception appears to have been taken to the admission of the deed for the reason that there was a variance between it and the judgment and execution ; to the admission of the record, because it did not agree with the execution and deed in the names of the parties, and to admission of the execution, because there was a variance between it and the judgment and deed ; but there was no exception on the ground of a variance between these proofs and the allegations of the petition. It is not clear what was meant by these exceptions. It is plain that there was no material variance between these documents when compared with one another, and there can be no doubt that the deed referred to this identical judgment and execution, and sufficiently recited the necessary parts. It was insisted more especially, that the petition had alleged a judgment against Francis Marion Rose, and that this was so far descriptive of the judgment that it must be exactly proved. It is a sufficient answer to this, that no exception was taken to the admissibility of the evidence on this ground, and it has often been held that such objections are waived unless made and excepted to on the trial ; but even if the objection had been taken it would not avail, for the tenor of the petition is that the suit was commenced and the whole proceedings had against the defendant by the name and style of Marion Rose, and the fair construction would be that the allegation was that the judgment had been rendered against Francis Marion Rose by that name. We cannot say that there was any material error in admitting these documents ; they supported the petition, and the title of the plaintiff, as against the judgment debtor, was sufficiently

established for all the purposes of the relief to which the plaintiff could be entitled.

With regard to the decree that was rendered, there is more difficulty. The proceedings in the case exhibit much irregularity and confusion of ideas. The petition contains first a regular count in ejectment, and then proceeds with a bill of equity (apparently as a part of the same count), though each count might be considered as separately and distinctly stated. There was no demurrer for misjoinder, no motion to strike out or to elect in which count the case should be tried, no separate trial of ejectment, and no motion in arrest. The parties and the court appear to have treated the petition as one count, and that one as being a bill in equity; it was heard as such without any trial by jury before the court sitting in chancery; no waiver of a trial by jury appears of record, and the court granted all the relief that was asked for in the whole petition, excepting only the assessment of the monthly value of the premises. It can scarcely be necessary to say, that such a mode of proceeding is not only irregular in practice, and likely to be greatly prejudicial to the rights of the parties, but is fatally erroneous on writ of error or appeal, and cannot be sustained. Such matters should be disposed of on demurrer or motion before trial; but we must notice here substantial errors appearing on the face of the record.

It has been held that where matters of law and equity are blended in the same count, the court will not sift it narrowly to see whether or not a good cause of action can be made out either at law or in equity, by rejecting all the rest as surplusage; but it will be held on demurrer, or in arrest, or on writ of error or appeal, as not containing any cause of action whatever which the court can recognize. Where some cause of action is so stated as to be clearly made out, the other matters will be rejected as surplusage. This subject has been dwelt upon in several cases—Mooney v. Kennett, 19 Mo. 551; Meyers v. Field, 37 Mo. 434; Miltenberger v. Morrison, 39 Mo. 71; Billon v. Larimore, 37 Mo. 386.

We see no better way than to consider this petition (as it was treated below) as one count in the nature of a bill in equity, altogether disregarding the ejectment as surplusage. If it might be understood as containing two counts, then there was error in hearing both at once as a chancery proceeding. In an action at law there is a constitutional right of trial by jury which has no existence in equity. There has been properly no trial of the ejectment at all, but only a hearing on the count in equity. The only relief prayed for in this count is, that the conveyance from Francis Marion Rose to the defendant may be cancelled and held for naught, and that the plaintiff may have a judgment for the possession of the land. It has been held that the prayer for relief is an essential part of the petition. The relief granted was, first, that the deed be annulled as against the plaintiff; second, that the title which Francis Marion Rose had in the land at the date of his deed to the defendant be vested in fee simple in the plaintiff, and this relief was neither asked for, nor warranted by the facts stated in the petition; and third, that the plaintiff receive possession of the land, and one cent damages for the detention thereof and her costs, and have thereof execution; and this, though prayed for in the count, could only be granted in the action of ejectment. A bill in equity is not the proper remedy for the recovery of the possession of real estate; for that purpose there is adequate remedy at law in the action of ejectment. If an action at law and a cause of action belonging to equitable jurisdiction can properly be united in the same petition under either of the classes of claims mentioned in the practice act (Gen. Acts 1865, ch. 165, § 2), they must still be separately stated, and must necessarily have a separate trial, inasmuch as the mode of trial and the rules of proceeding are essentially different, and the judgments must be different—Janney v. Spedden, 38 Mo. 395. There was no occasion for a decree vesting title in the plaintiff, nor was it a proper case for such relief. If the deed from Rose to the defendant were fraudulent and void, it conveyed no title to him as against the

plaintiff. If the judgment sale and sheriff's deed to the plaintiff were valid in law, they conveyed the title of the judgment debtor to the plaintiff; and if the possession were withheld from her, she had her action of ejectment in which her title at law could have properly come under investigation. But the prior deed would be held to convey the title, unless avoided on the ground of fraud. |Fraud may be proved at law as well as in equity, but the remedy at law in such case may not be adequate and effectual. A court of equity furnishes a more effectual remedy in such cases, and unquestionably has jurisdiction to annul the conveyance on the ground of fraud, and the aid of the court is sought for that purpose. When the deed is thus declared void as against the plaintiff, it is removed out of the way of her action at law. The record of the decree is admissible in evidence in the ejectment suit, and that is all the relief she needs, or can have from a court of equity. If the case were, that the plaintiff had the equitable right, and the defendant the naked legal title only, it might be proper for the court to vest the legal title in her by decree; but here is no such case. When a court of equity, acquires jurisdiction for any purpose, it will sometimes proceed to grant complete relief, so far at least as the rules of equity will admit, and the court is competent to give it, according to the nature of the case; but where there is an adequate and complete remedy at law, and the case is made properly triable at law, the party will be remitted to her action at law. Here we think the proper remedy of the plaintiff for the recovery of the possession of the land is the action of ejectment, in which the damages and the monthly value of the premises can be assessed by a jury. But she is entitled on the case as it stands to have this conveyance declared void as against her title. We have examined the evidence touching the matter of fraud, and are satisfied that it was sufficient to sustain the decree granting her this relief. | In this respect, we see no reason for interfering with the judgment of the court below; nor do we

see any occasion for remanding the cause for a rehearing on this part of the case.

The judgment will therefore be reversed, and this court, proceeding to render such judgment as ought to have been given below, will order and direct that judgment be entered in this court in favor of the plaintiff against the defendant, to the effect that the said conveyance from Francis Marion Rose to the defendant be and is hereby declared null and void as against the title acquired by the plaintiff under a deed from the sheriff aforesaid, and for costs. The other judges concur.