## MANNY & CO. v. FRENCH.

Pleading: DENIAL OF KNOWLEDGE OR INFORMATION. A denial in an answer, of any *information* sufficient to form a belief as to the truth of matters alleged in the petition, raises no issue, under section 2880 of the Revision. The denial must be of any *knowledge* as well as of any information.

*Appeal from Black Hawk District Court.*

TUESDAY, OCTOBER 22.

SUIT on a negotiable promissory note, by the indorsee against the maker. Judgment for plaintiff, and defendant appeals.

*A. F. Brown & B. W. Poor* for the appellant.

*Powers & Hennessy* for the appellee.

COLE, J. — The petition is in the usual form. It avers the execution of the note by the defendant to the payee; that the payee for a valuable consideration duly indorsed and transferred the note to the plaintiff, and that the same was, less a specified credit, due and unpaid. A copy of the note and indorsement is given. The petition was sworn to.

PLEADING: denial of knowledge or information.

The defendant filed his answer in three counts, first admitting the execution of the note as stated; second, " and whether the said petitioner is the owner of said note he has not sufficient information to form a belief, therefore he cannot admit or deny the same." Third, the answer claimed set-off as to a part of the note. The answer was sworn to.

The plaintiff admitted the set-off as pleaded, and moved for judgment on the pleadings for the balance. The defendant resisted the motion and claimed the right to have the cause tried by a jury. The court sustained the motion and rendered judgment accordingly. The defendant assigns this action as error.

There was no error in the action of the court. Our Code provides (Rev. § 2880) that the answer shall con-

tain, " second, a general denial of each allegation of the petition, or else of *any knowledge or information* thereof sufficient to form a belief  *  * ."

The second count of the answer, fails to make any issue to be tried by a jury or otherwise, for the reason, that it does not deny that defendant has *knowledge* but only that he has not *information* sufficient to form a belief; the Code requires both, and the answer contains but one.   See *Ketcham* v. *Lyerega*, 1 E. D. Smith (N. Y.) 553; *Edwards* v. *Lent*, 8 How. Pr. 28; *Elton* v. *Markam*, 20 Barb. 343; *Smith* v. *Greenin*, 2 Sandf. S. C. 702

Our system of pleading is essentially a *fact* system; it is furthermore a system adapted only to *substantial* issues, and cannot properly or successfully be diverted to *sham* defenses.

Affirmed.