EDWIN CURD, Respondent, *v.* HENRY C. LACKLAND, Appellant.

1. *Practice — Pleading — Joinder of causes of action — Equity — Ejectment.*— Proceedings instituted by plaintiff for the purpose of vacating the title to real estate and vesting the same in himself, and at the same time to eject the defendant and have possession of the premises awarded to himself, are fatally erroneous on writ of error or appeal, and cannot be sustained. (Peyton v. Rose, 41 Mo. 257, cited and affirmed.)

*Appeal from Sixth District Court.*

*Henry C. Lackland, pro se.,* and *H. C. Hayden,* for appellant.

*Sheley & Boulware,* for respondent.

FAGG, Judge, delivered the opinion of the court.

This was a proceeding instituted in the Audrain Circuit Court by the respondent, for the purpose of vacating and setting aside the title to certain real estate alleged to be then vested in the appellant, and for the vesting of the title absolutely in the respondent. The petition further asks that possession of the premises be adjudged to respondent, and for general relief. The whole petition seems to have been treated by the court, as well as by the parties, as a bill in equity, and the trial proceeded upon that theory. The judgment of the court, after setting out a special finding of the facts in the cause, proceeds to grant the entire relief prayed for, and awards a writ of restitution for the premises.

This judgment of the Circuit Court having been affirmed by the Sixth District Court, it is now brought here by appeal. It is very apparent from the record that there was a blending of different causes of action in the petition, such as to produce great confusion and irregularity in the proceedings. The plaintiff endeavors, in the first place, by a bill in equity, to have the title to certain real estate vested in him, and then, in the same proceeding, to eject the defendant and have the possession of the premises awarded to himself. The case of Peyton v. Rose, 41 Mo. 257, is one directly in point, and settles conclusively the principles which must govern the case at bar. (See also the cases there cited.) It was held in that case "that such a mode of proceeding is not only irregular in practice, and likely to be greatly prejudicial to the rights of the parties, but is fatally erroneous on writ of error or appeal, and cannot be sustained."

The judgment of the District Court must therefore be reversed and the cause remanded to the Circuit Court, where the proceedings can be so amended as to conform to the principles of this opinion. The other judges concur.