JOSEPHINE WYNN, Respondent, *v.* ABRAHAM CORY, Appellant.

43    301
e94a  ³695

1. *Practice, Civil — Pleading — Joinder of causes in law and equity, how treated by courts.*—Where plaintiff's petition combined an action at law and a suit in equity, and the trial was as of a proceeding in equity, a judgment rendered therein as though the trial had been that of a suit in ejectment can not be sustained. (Peyton v. Rose, 41 Mo. 257, cited and affirmed.) Either the chancery branch of the case must be rejected as surplusage, and a trial and judgment had as of a suit at law, or the law branch must be rejected, and a trial and judgment had in accordance with the rules of chancery practice.

2. *Practice, Civil — Recovery of land — Chancery — Relief — Ejectment.*— Where the title to real estate has been vested in a grantee by a deed duly executed and delivered, and such deed has been lost or destroyed without being recorded, a court of equity will lend its aid to protect the rights of the grantee and those claiming under him, by enjoining the grantor and his heirs and legal representatives from selling the property, and by divesting them of the title and vesting it in the grantee or those entitled to it under him. But he must establish his title thereto by a bill in chancery, with an appropriate prayer for relief. Until this is done he cannot sue for possession of the land.

3. *Practice, Civil — Pleadings — Answer — Negative pregnant — Ambiguity — Construction of Statute.*—Where plaintiff's petition alleged that "on or about the 9th day of March, 1852, Archibald Peery, being the owner of the land hereinafter described, in fee simple made, executed, acknowledged, and delivered to Henry W. Peery, a deed by which he conveyed to said Henry W. the land in question," and defendant's answer thereto was in the following words: "The defendant denies that the said Archibald Peery, on the 9th day of March, 1852, or at any time before or since, made, executed, acknowledged, and delivered to Henry W. Peery a deed by which he conveyed to said Henry W. Peery said land or any part thereof:" *held,* that there was nothing about the denial in the nature of a negative pregnant, nor was there any such ambiguity about it as to render it bad pleading under the present system; and that the construction given to the pleadings by the court in causing the answer to be stricken out was, in violation of Gen. Stat. 1865, ch. 651, § 37, strict and technical, and was unwarranted.

*Appeal from Fourth District Court.*

*Asper,* for appellant.

I. The court erred in striking out part of defendant's answer. The denials were certain and specific, and fairly traversed the allegations of the petition. (Gen. Stat. 1865, p. 659, § 12, also p. 661, § 37; Bersch v. Dittrick, 19 Mo. 129; Genesee Mutual v. Moynihen, 5 How. Pr. 321; Elton v. Markham, 20 Barb. 343; Snyder v. White, 6 How. Pr. 321.)

II. Denials are sufficient if they put the plaintiff upon proof of any material allegation. Immaterial allegations in a pleading need not be denied; and if the denial as to such allegation is defective, it will not authorize the striking out of such denial. (1 Smith's Pr. 372, 373; Van Santvord's Pl. 243, 244, 246.)

III. If the motion includes denials which are good, with denials which are immaterial or bad for insufficiency, or for not being direct or positive, the motion must still be overruled. The court cannot strike out a denial which is certain and direct and puts in issue a material allegation of the petition, because it raises an issue upon a fact. In this case the denial of the making, executing, and delivering a deed is good; it puts that fact in issue. No other mode of denying the fact is allowable. It is but a single allegation. (1 Smith's Pr. 373, 365; 1 Chitty's Pl. 229; 1 Van Santvord's Pl. 366; Mechanics' Bank v. Fowler, 36 Mo. 33; Garner v. Han. & St. Jo. R.R. 34 Mo. 235.)

IV. The denials on information and belief are sufficient, and put the facts thus denied in issue. (Genesee Mutual v. Moynihen, 5 How. Pr. 321; Elton v. Markham, 20 Barb. 348.)

*Vories & Vories*, for respondent.

I. The parts of defendant's answer stricken out were properly stricken out. The court may, and of right ought to, compel a defendant to make his answer and denials certain and direct, and not ambiguous or in the nature of a negative pregnant. The parts of the answer stricken out are subject to all of these objections; and as the defendant refused to make his answer more certain and direct he cannot complain. (Gen. Stat. 1865, p. 659, 660, ¶¶ 12 to 20 inclusive; Baker v. Baily, 16 Barb. 54; Robinson v. Rice, 20 Mo. 229; Atterberry v. Powell, 29 Mo. 429; Dare v. Pacific R.R. Co. 31 Mo. 480; Hopkins v. Everett, 3 N. Y. Code, 150; Sherman v. N. Y. Central Mills, 1 Abb. Prac. 187; 1 N. Y. Prac. 373; Steph. Pl. 246, 381.)

CURRIER, Judge, delivered the opinion of the court.

This suit has two branches, one in equity and the other at law. The petition traces the title to certain premises in Grundy county

to the plaintiff, Mrs. Josephine Wynn, from Archibald Peery, who is alleged to have conveyed the property to his son Henry W. Peery by deed executed in March, 1852; Mrs. Wynn inheriting it, as is alleged, from her half-brother, Alva Peery, an infant son of said Henry W.; the said Alva acquiring title under the will of his father. The deed from Archibald Peery to his son Henry is alleged to have been lost or destroyed through accident or design; and the will of said Henry, devising the property to his son Alva, and the record of the probate of said will, are both alleged to have been destroyed by fire.

The petition further alleges (the parties in the chain of title from Archibald Peery to Mrs. Wynn having all died in the course of the year 1852) that Mitchell T. Peery and George C. Peery, sons of said Archibald, wrongfully took possession of the premises in question in March, 1853, and thereafter—to-wit, October, 1856—executed a quit-claim deed thereof to the defendant; that this deed was executed for the purpose of obscuring the plaintiff's title, and with a view to its defeat; that the defendant was fully advised of the foregoing facts at the time of his purchase, and that he took the quit-claim deed from the Peerys with actual notice of the existence of the deed from Archibald Peery to his son Henry; and that he entered into a confederacy with the Peerys, his grantors, to cheat and defraud Mrs. Wynn out of her just and known rights. The petition then concludes with the usual averments of a petition in ejectment, and asks judgment for the possession of the premises described in the petition, with damages and costs, and for the cancellation of the quit-claim deed from the two Peerys to the defendant.

This, for substance, is the case made by the petition. The answer seeks to put in issue all its material averments. The trial proceeded in all respects as that of a suit in chancery, special issues being framed for the jury in relation to the alleged notice to the defendant of the plaintiff's title, and in relation to the amount of damages—separate juries passing on these points and finding for the plaintiff on both. The judgment is for possession of the premises, with damages and costs, as in an ejectment suit.

The petition combines an action at law and a suit in equity.

The trial was as of a proceeding in equity; the judgment as though the trial had been of a suit in ejectment. This judgment, therefore, cannot be sustained. The case falls fully and broadly within the principles of the decisions of Peyton v. Rose, 41 Mo. 257, where the subject of combining legal and equitable proceedings in the same suit, and the mode of disposing of cases where such combination exists, is amply and ably discussed. Either the chancery branch of the case must be rejected as surplusage, and a trial and judgment had as of a suit at law, or the law branch of the case must be rejected and a trial and judgment had in accordance with the rules of chancery practice.

When the title to real estate has been vested in a grantee by a deed duly executed and delivered, and such deed has been lost or destroyed without being recorded, a court of equity will lend its aid to protect the rights of the grantee and those claiming under him by enjoining the grantor and his heirs and legal representatives from selling the property, and by divesting them of the title and vesting it in the grantee or those entitled to it under him. (Wright's Heirs v. Christy's Heirs, 39 Mo. 125.) But the bill in this case asks no such assistance. It neither prays for an injunction nor a divestiture or investiture of title, nor is there any general prayer under which this relief might be granted. It asks simply that the quit-claim deed held by the defendant be annulled and held for naught. But how would this avail the plaintiff? It does not meet the exigency of the case. The bill asks and the court rendered a judgment for possession, but that is not allowable in a chancery proceeding. That requires a proceeding at law. The documentary evidence of Mrs. Wynn's title having been lost, it is necessary for her in the first instance to establish her title through the aid of chancery, and then she will be in a condition to proceed with a suit for possession. (Jenny v. Spedden, 38 Mo. 395; Peyton v. Rose, 41 Mo. 257.)

It is not intended to be suggested that the evidence appearing in the record is sufficient to establish a right in Mrs. Wynn justifying a decree vesting title in her. Aside from the supposed admissions of the pleadings, the evidence is quite insufficient for that purpose. And this brings us to a consideration of

the action of the court in striking out parts of the defendant's answer.

The petition alleges that " on or about the 9th day of March, 1852, Archibald Peery, being the owner of the land hereinafter described, in fee simple made, executed, acknowledged, and delivered to Henry W. Peery a deed by which he conveyed to said Henry W. the lands in question." This is denied in the answer in these words : " The defendant denies that the said Archibald Peery, on the 9th day of March, 1852, or at any time before or since, made, executed, acknowledged, and delivered to Henry W. Peery a deed by which he conveyed to said Henry W. Peery said land or any part thereof." This denial was objected to by the plaintiff and stricken out by the court, and, as we think, without sufficient grounds.

There is nothing in this denial in the nature of a negative pregnant, nor is there any such ambiguity about it as to render it bad pleading under our system. It might have been more artificial and technical; but no one could be mislead by it or left in doubt as to the purpose of the pleader to put in issue the deed and every fact that went to make it a valid and effectual instrument conveying the title to the premises in question. The statute requires pleadings to be liberally construed, with a view to substantial justice between the parties. (Gen. Stat. 661, § 37 ; 19 Mo. 129 ; 20 Barb. 343.) But the construction given to the pleadings in the court below was strict, technical, and unwarranted. It is not necessary to notice the other parts of the answer stricken out. Preliminary to a future trial of the cause the petition must be amended, and that will involve a fresh answer, in which technical objections may be avoided.

The judgment of the District Court affirming the judgment of the Circuit Court is reversed, and the cause remanded for further proceeding in accordance with the views herein expressed. The other judges concur.