THE FIRST NATIONAL BANK OF KANSAS CITY, Appellant, *v.* JOHN HOGAN, Respondent.

1. *Practice, civil — Pleadings — Negative pregnant, what averments not.*— In suit against an insurance company upon a draft, the petition alleged that defendant, "by draft in writing, signed by its secretary," made the obligation sued on. An answer denying that the company, "by its draft in writing, signed by its secretary," executed the obligation alleged, although inartistic, under our system is sufficient.

2. *Bills and notes — Insurance company — Secretary, signature of — Authority.* — A draft signed by the secretary of an insurance company alone is not binding on the company where there was no evidence of any usage or law giving him authority to bind the company.

*Appeal from St. Louis Circuit Court.*

*E. W. Pattison*, for appellant.

I.. The authority of the secretary was not specifically denied. (20 Barb. 472; 32 Barb. 294; Dover v. Pacific R.R., 31 Mo. 488.) The case of Wynn v. Cory, 43 Mo. 301, is not opposed to the above case, nor is it authority in support of the answer in this case.

II. The authority of the agent of a corporation to act, like that of a natural person, may be implied in general from his being held out as an authorized agent of the corporation. (Ang. & Ames on Corp., 5th ed., 313, and cases cited; *id.*, § 284; Bank of United States v. Dandridge, 12 Wheat. 64; Hope Mutual Life Ins. Co. v. Taylor, 2 Robertson, 282; Sandford v. Wyckoff, 4 Hill, 442.) And the secretary is an agent whose powers are of a general character. A contract may therefore be implied from his acts. (Gen. Stat. 1865, ch. 62, § 6; see also State v. Com. Bank of Manchester, 6 Sm. & M. 237, as to acts *prima facie*

binding on a corporation.) A corporation may be bound by the acts of its agents in the same manner as an individual. (N. E. Fire & Marine Ins. Co. v. Schettler, 38 Ill. 166; Allen v. Sea. Fire & Life Ins. Co., 19 Law J. 1850, p. 205; 3 Mason, 506; Smith v. Hull Glass Co., 8 Corn. Bush. 667.)

*Terry & Terry*, for respondent.

I. In actions against companies upon paper signed by persons purporting to represent such companies, not only their signatures but their authority or official capacity must be proven unless such proof is dispensed with by statute. (2 Pars. Notes, 478; Dwight v. Merrill, 15 Ill. 333; Small, etc., v. Newgate Co., 40 Mo. 214; Marine Bank v. Clemens, 3 Bosw. 600; F. & M. Bank of Kent Co. v. B. & D. Bank, 6 N. Y. 125; 24 Barb. 371.)

II. There is another aspect in which this case presents itself. The draft on which the suit is had is *prima facie* good for nothing.

III. A simple denial is a sufficient answer to a simple allegation of indebtedness. (Westlake v. Moore, 19 Mo. 556; Joy v. Cooley, *id.* 645.)

CURRIER, Judge, delivered the opinion of the court.

The defendant was sued upon his supposed liability as a stockholder in the National Insurance Company of St. Louis. The suit was founded upon a draft or bill of exchange alleged to have been executed by the insurance company. The form of the allegation was that the company, "by its draft, in writing, signed by its secretary," made the obligation sued on. The answer seeks to put in issue the facts here alleged by denying that the company, "by its draft, in writing, signed by its secretary," executed the obligation as alleged. The denial is inartistic, but sufficient under our system of pleading. (Westlake v. Moore, 19 Mo. 556; Joy v. Cooley, *id.* 645; Wynn v. Cory, 43 Mo. 301.) The petition avers that the draft was drawn by the insurance company; the answer denies it. That is the substance of the averments. The rest is circumstantial. The answer was sufficient to put the plaintiffs to their proofs; and

as the draft was signed by the secretary, it was necessary for the plaintiffs to show authority in him to bind the company in a transaction of that kind.

It was in evidence that Parker, the party who signed as secretary, in fact acted for the company in that capacity. It was shown that Parker signed the policies and other contracts in behalf of the company, but it was not shown that he ever, except in the instance under consideration, undertook, as secretary and apart from the president, to make a draft as the company's agent. It was in evidence that the by-laws authorized the president and secretary, by their joint signatures, to execute the notes and bills of exchange. It was also in evidence that the by-laws conferred no authority upon the secretary to act on these subjects alone. This appears in the testimony of the plaintiffs' witness, Cravens, who gave evidence in regard to the by-laws without objection. Apart from the by-laws there was no evidence tending to show authority in Parker to bind the company as a party to a draft or bill of exchange, and the by-laws, as we have seen, limited his authority to joint action with the president. Apart from the president he had no powers in this connection, so far as appears.

In the absence of evidence tending to show authority in Parker to sign the draft as the company's agent, the court excluded it when offered in evidence. The plaintiff thereupon took a nonsuit, and judgment was rendered for the defendant. Under the circumstances stated, the draft was no evidence against the company, and the judgment of the Circuit Court will be affirmed. The other judges concur.