LEYNER v. FULLER ET AL.

1. **Pleading:** ANSWER: DENIAL OF KNOWLEDGE AND INFORMATION. In an action to quiet title, the plaintiff, in anticipation of a defense of former adjudication, alleged that a pretended decree had been rendered in the district court, quieting the title in defendants as against the plaintiff. This allegation was admitted by the answer. The petition further stated that plaintiff had no notice of the pendency of the action in which said decree was rendered. To this allegation defendants answered that they had no knowledge or information as to whether plaintiff had such notice, except what was shown by the recitals of the decree itself; and upon such knowledge they alleged upon information and belief that plaintiff had such notice. *Held* that plaintiff's allegation that he had no notice was put in issue by the answer.

2. **Former Adjudication:** NOTICE: EVIDENCE. Evidence of notice of the pendency of a former action considered, and *held* that plaintiff had legal notice thereof, and that he was bound by the decree therein.

*Appeal from Polk Circuit Court.*

WEDNESDAY OCTOBER 21.

ACTION in equity to quiet the title to real estate. The plaintiff claims under the patent title, and the defendants under a tax title and a decree of the district court quieting the title in their grantor. Judgment for the defendants, and the plaintiff appeals.

*Jo Harry Call,* for appellant.

*Mitchell, Dudley & Parry* and *D. F. Witter,* for appellees.

SEEVERS, J.—The only question we shall consider is whether a decree of the district court quieting the title to the real 1. PLEADING: answer: denial of knowledge and information. estate in controversy in the defendants' grantor is sufficient to bar this action. Counsel for the appellant contend that it is not, because it is admitted in the pleadings, as counsel claim, that the plaintiff had no notice of the action in which the decree was rendered.

The petition states that a pretended decree was rendered by the district court quieting the title of said premises in Sarah H. Sanford, and against the plaintiff. This allegation is admitted in the answer. The petition further states that the plaintiff "never had actual notice or knowledge, or constructive notice, of the pending of the action in said district court aforesaid, or of the rendition of said pretended decree, until just prior to the commencement of this action." To this allegation the defendants responded as follows: "They have no knowledge or information as to whether said plaintiff had actual notice or knowledge, or constructive notice, of the pendency of said action in said district court as aforesaid, other than is shown by the recitals of said decree in said cause; and upon such knowledge they allege upon information and belief that said plaintiff had notice of said proceedings."

Instead of waiting until the defendants pleaded the decree as a defense to the action, the plaintiff stated in the petition that such a decree had been rendered, but that it did not constitute a bar to his recovery, because he had no notice or knowledge of the action, thus anticipating the defense. The statute provides that a denial of the allegations of a pleading is sufficient which states that the party denies having "any knowledge or information thereof sufficient to form a belief." Code, § 2655. This is, as we construe the answer, precisely what the pleader did. To our minds this is apparent on reading the pleadings. Besides this, we are unable to discover that any objection was made to the sufficiency of the pleading in the circuit court. The appellant cites and relies on *Manny v. French*, 23 Iowa, 250, and *Claflin v. Reese*, 54 Id., 544. These cases are distinguishable, because the denial pleaded was merely a denial of all information; the element of knowledge was omitted, and the statute requires both. In the case at bar all "knowledge and information" is denied, except that obtained from the recital of the decree, and on such knowledge, upon information and belief, it is alleged that the plaintiff had the requisite notice.

Counsel for the appellant further contends that it appears from a preponderance of the evidence that the plaintiff had no notice or knowledge of the action in which the decree was rendered. The decree recites, "and said defendant having been duly served with notice of the pendency of this action." The only evidence contradictory of this recital is the evidence of the plaintiff, who positively denies that any notice was served on him, or that he had any knowledge of the pendency of the action or decree until long after the latter was entered, except that the appearance docket fails to show that an original notice was ever filed or served. We are not driven to the necessity of determing whether this evidence is sufficient to overcome the recital in the decree which was entered in 1878. The original papers are lost. There is evidence of a satisfactory character which supports the decree. The attorney who appeared for the plaintiff in the action testifies that a notice was served on the appellant. The recollection of this witness is corroborated by certain letters and *memoranda* made by him at the time, which, in our opinion, create a decided preponderance in favor of the defendant.

*2. FORMER adjudication: notice: evidence.*

AFFIRMED.