## WILLIAM IRWIN v. JOHN C. COOK.

In an action for slander, where no special damages are alleged or proved, and the verdict is in favor of the plaintiff, for a nominal amount, it is not error to refuse a new trial, because, under the evidence, it would have been proper for the jury to have given a verdict for a larger amount.

It is only where there has been proof of actual damage, that the legal right to compensatory damages arises. Then, damages may be demanded as a right, to the extent of the injury sustained, upon the principle of giving compensation, for an actual loss or injury. In such case, a verdict for a nominal amount, might be set aside, and a new trial granted, because of the denial to the plaintiff of a legal right.

APPEAL from Dallas. Tried below before the Hon. Nat. M. Burford.

This was a suit brought by William Irwin against John C. Cook, for an alleged slander by the defendant, of the plaintiff, in which $10,000 was claimed as damages.

The petition alleged, as the cause of action, that the defendant had charged the plaintiff with perjury; no special damages were alleged, and the claim for damages was general.

The facts proved on the trial were, that the plaintiff had been a witness in a case before a justice of the peace, in which the defendant was a party; and that after the trial, the defendant, on several occasions, and to different persons, had said that the plaintiff had " perjured himself;" " had sworn to a lie, and that he could prove it;" that he had been, on one occasion, warned against using such harsh expressions, when he replied, that " it was true, and he could prove it, by as good a man as there was in the town of Dallas." That plaintiff had said to the defendant, " You swore to a lie;" and on being asked, if he could prove it, said, " Yes, I can prove it." The plaintiff offered no other testimony, than to prove the utterance of the words, and the circumstances under which they were spoken; and the defendant offered no evidence.

The jury returned a verdict for the plaintiff, and assessed his

damages at one cent, upon which, judgment was accordingly rendered.

*G. W. Guess*, for the appellant.

*B. W. Stone*, for the appellee.

WHEELER, C. J.—The jury found for the plaintiff, and gave nominal damages only, and the question is, whether the court erred in refusing a new trial.

No special damages were alleged; and under the plaintiff's allegations, no evidence of special damages was admissible, or was offered. The plaintiff relied for a recovery, solely on the legal inference of damage, arising from the use of words, actionable in themselves. The common law, as a general rule, only gives actual compensation, in cases of actual injury. But this proposition is subject to modification in certain cases, where nominal damages are given, though no actual injury be proved. Thus, wherever the invasion of a right is established, the law infers some damage to the party, and it upholds the right by giving an action, and at least, nominal damages. This is upon the principle, that every injury imports a damage. The law presumes some damage to have resulted from a wrong. A man has a right to be secure in his good name, and reputation; and for every infraction of this right, the law gives him his action. (Yarborough v. Tate, 14 Texas Rep. 483.) "As," said Lord HOLT, "in an action for slanderous words, though a man does not lose a penny, by reason of the speaking them, yet he shall have an action." (2 Ld. Raym. 955.) For every act injurious to another's right, an action may be maintained for the invasion of the right, without proof of any special injury; and the plaintiff is entitled to recover at least nominal damages.

But where no actual injury has been occasioned, or, which amounts to the same thing, where no damage is proved, no more than nominal damages can be demanded as matter of legal right. It is only where there has been proof of actual damage, that

the legal right to compensatory damages arises.   Then, damages may be demanded as a right, to the extent of the injury sustained, upon the principle of giving compensation for an actual loss or injury.   And if, in such a case, the jury should give only nominal damages, the court might set aside the verdict, and grant a new trial, because the legal right of the plaintiff would have been denied.   But here, where no actual damage has been proved, the plaintiff cannot demand, as a legal right, more than such damages as will maintain his right; and this is done by giving him nominal damages.   "In regard to the right invaded," it has been said, "a verdict and judgment for the smallest amount, is as effectual as any sum, however large; for it establishes the fact of the plaintiff's right."   (Sedgwick on Measure of Damages, 47.)   In a case of this nature, where a new trial was moved for, on account of excessive damages, an English judge said, that had the jury given but one penny damages, the plaintiff could not have obtained a new trial, in hopes to increase them.   (1 Stark. on Slander, 107.)

It may be, that in this case, it would have been proper for the jury to have given a verdict for a larger amount; but, as they had no evidence before them of any actual damage to the plaintiff, they could not be required to give more.   It was a matter entirely within their discretion, in which they were to be governed alone by their own moral sense of justice.   As, therefore, no damages were shown, nor any mode of arriving at any certain amount, the court did not err, in refusing a new trial. The judgment is affirmed.

Judgment affirmed.