## J. M. BUTTS, Appellant, v. J. A. LONG et al., Respondents.

### St. Louis Court of Appeals, May 27, 1902.

1. **Slander of Title: PETITION, SUFFICIENCY OF.** The petition in an action for slander of title declared that defendants did "represent and state in the presence and hearing of certain persons" that the plaintiff was not the owner of certain property (described in the petition), etc. It is held (on review of a ruling on demurrer) that those allegations mean that the defendants spoke the language charged (BLAND, P. J., dissenting).

2. **Opinion of the Court: "REPRESENT" AND "STATE," MEANING OF WORDS.** The words "represent" and "state" imply the utterance of the language mentioned in connection with those words, which are fully defined in the opinion of the court (BLAND, P. J., dissenting).

3. **Slander.** Slander may be perpetrated by two persons jointly.

4. **———: ALLEGATIONS OF PETITION.** In an action of slander (as also of slander of title) the offensive language must be distinctly averred; it is not sufficient to give merely the general purport of the language; and enough thereof must be proved as uttered to establish the slander.

5. **Pleading: WORDS UTTERED IN FOREIGN LANGUAGE.**
Where words in a foreign tongue are alleged as slanderous, it is
sufficient in pleading to recite the English meaning without quoting
the foreign language.

6. ————: ————: NOMINAL DAMAGES: JUDGMENT. In an
action for slander of title plaintiff is entitled on a proper showing
to a judgment for at least nominal damages even though no sub-
stantial damages appear.

7. **Pleadings, How Construed.** Pleadings must be taken in their
natural and ordinary meaning and their allegations "liberally con-
strued" (R. S. 1899, sec. 629), and where a pleading is susceptible
of two meanings, the one more favorable to the pleader must be
adopted as fairly within the intention of the pleader.

8. ————: SUBSTANTIVE FACTS. Only the substantive facts of a.
cause of action need be stated. The evidence to support the alle-
gations should not be set forth in a pleading.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,*
Judge.

AFFIRMED.

*C. W. Hamlin* for appellant.

(1) This being an action for damages in the nature of
slander of title, the court held the petition bad because plain-
tiff failed to set out the exact words spoken by the defendants.
If that is required in cases of this kind, then we concede
the petition is bad. (2) Our contention is that it is a matter
of little or no consequence what the words spoken were, but
that the injury is committed when defendant said anything
which prevented plaintiff from making his sale. Provided,
of course, what was said by defendants was false and mali-
ciously spoken. (3) I know of no authority in the State di-
rectly or indirectly upon this point; but it occurs to me that it
makes no difference what the words spoken were, if they were
false and maliciously spoken, and had the effect to prevent
plaintiff from making trade and he was damaged thereby, then

in that event he is entitled to recover whatever he can show he is entitled to. (4) The petition states a cause of action and the cause should be reversed and remanded.

*Albert S. Cowden* for respondents.

(1) Appellant's amended petition does not state, nor even purport to state, the exact words uttered by either of respondents, and, hence, is fatally defective, and the court rightly sustained the demurrer thereto. Meyrose v. Adams, 12 Mo. App. 329; Life Assn. v. Boogher, 3 Mo. App. 173; 13 Am. and Eng. Ency. of Law, p. 367. (2) Appellant's amended petition failed to aver that respondents had no title to the property in question, and that their claim of title to the north sixteen feet thereof was not made in good faith. The absence of this averment was sufficient to warrant the court in sustaining the demurrer. Flint v. Hutchinson Smoke Burner Co., 110 Mo. 492; Meyrose v. Adams, 12 Mo. App. 329; Odgers on Libel and Slander (1 Am. Ed.), p. 127, note, also p. 130. (3) The averment of damages in the amended petition is insufficient and defective. Appellant and his purchaser could not, by a subsequent contract between themselves, fix the measure of appellant's damage. When appellant released his purchaser from a valid contract he was no longer entitled to recover in this action. Newell on Defamation, Libel and Slander, p. 222, par. 3.

BARCLAY, J.—Omitting caption, the petition is as follows:

"Now comes the plaintiff and after first having obtained leave of the court to file this, his amended petition, states, that the defendants, J. A. Long and W. F. Long, are partners, doing business under the firm name of Long Brothers, and were so engaged in business at the times hereinafter mentioned,

Vol 94 app—44

and that on the thirteenth day of October, A. D. 1900, plaintiff was the owner in fee simple of a certain parcel of land situated in the county of Greene and State of Missouri, to-wit:    Commencing at a point sixty-two feet, five inches south of the southeast corner of the lot now owned by George Murrell, deeded to him by W. H. Pipkin; thence south fifty-three feet, seven inches; thence west one hundred and twenty-two feet; thence north thirty-three feet, six inches; thence east one hundred and twenty-two feet to the place of beginning; and that he was desirous of selling and disposing of the same, including the building thereon situated, together with a stock of drugs kept therein, and for that purpose entered into negotiations with one J. T. Jones, who was desirous of purchasing the same, and agreed with said Jones on a contract for the sale of said property above mentioned, at the price and sum of twelve hundred dollars.    That before the passing of the deed or the payment of the consideration therefor, the defendants well knowing the facts above stated, and maliciously contriving to injure and damage the plaintiff, and prevent him from making the sale as aforesaid, did, maliciously and falsely, and without any probable cause, represent and state in the presence and hearing of certain persons, including the said J. T. Jones, that the plaintiff was not the owner of the north sixteen feet of said property above described, and that he had no right or authority to sell or dispose of the same, and that if said Jones bought said property from said plaintiff that he (Jones) would have litigation on account of the same, that they, the defendants as partners, owned the north sixteen feet above mentioned.

"And the plaintiff states that by reason of said false and malicious statements made by the defendants as partners aforesaid, he was prevented from making sale of said property to the said Jones for the said sum of twelve hundred dollars, but that he was compelled and did afterwards sell to the said Jones said property for the sum of nine hundred dollars.

That by reason of said claim of title by defendants as partners in the manner above set out in thus preventing the plaintiff from making said sale of said property to the said Jones in the manner first aforesaid, the plaintiff has been damaged in the sum of three hundred dollars, for which sum he demands judgment and cost of suit."

To the petition, defendant filed the following demurrer:

"Come now the defendants herein and by leave of court file this their demurrer to plaintiff's amended petition filed in this cause, for the reason that said petition fails to state facts sufficient to constitute a cause of action against these defendants in the above-entitled cause."

The court sustained the demurrer. Plaintiff declined to amend his petition, whereupon the court rendered judgment for defendant on the demurrer. Plaintiff filed a motion for new trial which was overruled and he appealed.

1. The action is for slander of title. At pages 204-5, Newell in his work on Slander and Libel, says: "Three things are necessary to maintain the action for slander of property or of title: (1) The words must be false. (2) They must be maliciously published. (3) They must result in pecuniary loss or injury to the plaintiff." The words which convey the poison of slander are the gist of the action and must be alleged whether in the simplest form of slander or of title. Townshend on Slander and Libel, p. 638.

So far this opinion has been prepared by our learned colleague, the presiding judge.

We proceed to consider the applications of the rules of law so well stated.

The petition under review purports to recite the language used by defendants which forms the groundwork of this action. The recital, it is true, is not marked by quotation marks. That form is immaterial, so we think. The charge is that defendants "did, maliciously and falsely, and without any probable cause, represent and state in the presence and hearing

of certain persons, including the said J. T. Jones, that the plaintiff was not the owner of the north sixteen feet of said property above described, and that he had no right or authority to sell or dispose of the same, that if said Jones bought said property from said plaintiff, that he (Jones) would have liti-gation on account of the same, that they, the defendants as partners, owned the north sixteen feet above mentioned."

The foregoing plainly charges that the defendants did represent and state the objectional matter in the presence and hearing of certain persons, including the said J. T. Jones. We are not concerned at the present time with the question of the probability or improbability of the narration by the pleader in the passage quoted, except to hold that the recital does not involve an impossibility.

It appears to us that the petition may fairly be construed to mean that the defendants spoke the language charged in the presence and hearing of third persons.   Whether each defend-ant made those statements simultaneously, or about the same time, does not appear, nor need it appear.

Slander may be committed by two persons jointly.   State v. Marlier, 46 Mo. App. (K. C.) 233.

Plaintiff is not required to state the evidence by which he expects to prove his allegations.   Indeed it would be im-proper for him to do so (R. S. 1899, sec. 615).

A fair interpretation of the words "represent" and "state," aforesaid, imply that the language complained of was actually used by the defendants.

Some of the established meanings of the word "repre-sent" are "to describe or portray in words," to "declare," "set forth" (Century Dict., 1897), "to exhibit to another mind in language" (Webster, Intern. Dict., 1894).

The verb "state" is defined to mean (among other things) "to aver or allege," to "represent fully in words," to "nar-rate," to "recite" (Century Dict., 1897; Webster, Intern. Dict., 1894).

There is nothing in the language complained of to indicate that it does not portray the words used by the defendants.

The rule of law is well settled (at least in Missouri) that in an action of slander, the offensive language must be distinctly averred, as uttered. Watson v. Musick, 2 Mo. 29.

The rule is not different in actions for slander of title.

It is, moreover, a general rule that if it appears from the allegations that the pleader is not reciting the language used but only its general purport and effect, his pleading is bad on that account. Gutsole v. Mathers, 1 M. & W. 496; Harris v. Warre, 4 C. P. Div. 125.

Yet it has been held by the Supreme Court, in at least two instances in this State, that where words in a foreign tongue are alleged as slanderous, it is sufficient to recite the English meaning of the language and that the exact words in the foreign tongue need not be mentioned. Stieber v. Wensel, 19 Mo. 513; Elfrank v. Seiler, 54 Mo. 134. In the former of these cases the point was taken for granted. In the latter, such pleading was held good under the code as against an objection at the trial that the petition did not state a cause of action. The last-cited ruling is controlling authority to this court under the Constitution. (Amendment 1884, sec. 6).

In Harris v. Woody, 9 Mo. 113, a declaration which alleged that the defendant said that the plaintiff had committed perjury, was assumed (in 1845) to be a sufficient pleading of a slander, before the enactment of the reformed code of procedure.

In the case at bar, it may be that the exact words used by defendant did not include those employed in the petition to identify the plaintiff, but even that possible variation is at present a mere conjecture. When the proof comes in, that question may be important; but the established rule of evidence on that point indicates how plainly the courts raise substance above form in treating the subject of variance in this class

of cases and admonishes us not to give any forced interpretation to the language of a pleader in charging the use of slanderous words.

A clear definition of that rule is found in Noeninger v. Vogt, 88 Mo. 592, wherein the court, speaking by Judge BLACK, says:

"The slander proved must substantially correspond with that charged. This rule, it has been repeatedly held by this court, means that if the words charged to have been spoken are proved, but with the omission or addition of others, not varying the sense, then the variance is immaterial. It is not enough, however, that the words proved are of equivalent meaning; they must be substantially the same words laid in the petition."

The rule of evidence conforms to the rule of pleading to this extent at least—the material or substantial words composing the injurious charge must be alleged as they were uttered, and enough of them must be proved to sustain the averments thereof. But in determining the sufficiency of the pleading of such language we should ascribe to the allegations of the pleading their natural and customary meaning and give to them the construction which appears to have been intended thereby.

There is a remark in the brief of counsel for appellant in this court wherein it is admitted that the petition does not recite the "exact words" spoken. We do not consider that remark amounts to an amendment of the petition, and if it was so regarded, that amendment in its present form is too vague to become a matter for discussion.

In our opinion, there is nothing in the allegations before us to indicate that the pleader is not using the very language which is charged to be slanderous.

2.  In determining the effect of this pleading, let us recur to the rule announced as a guide by the code of procedure. It ordains that:

"In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." R. S. 1899, sec. 629.

Another provision of the code declares that "only the substantive facts necessary to constitute the cause of action or defense shall be stated." R. S. 1899, sec. 610.

The first of the sections quoted has been often cited by the appellate courts as overturning the common-law precept which required a court in civil actions to construe a pleading most strongly against the pleader.

In See v. Cox, 16 Mo. 166, that section was quoted and applied, the court adding that the proper effort of a pleading should be to state the acts "in such manner as to enable a person of common understanding to know what is intended."

In Bersch v. Dittrick, 19 Mo. 129, an answer was reviewed which was susceptible of two constructions, one of which would constitute no defense while the other was an entirely good one. The court adopted the latter construction as being more liberal to the pleading, because of the rule of interpretation contained in the code section mentioned (now 629).

In Wynn v. Cory, 43 Mo. 301, the court again cited the aforesaid section of the code, and held a pleading good because "no one could be misled by it or left in doubt as to the purpose of the pleader."

In Alexander v. Campbell, 74 Mo. 142, the code rule of construction was quoted and a petition held sufficient accordingly, following Garth v. Caldwell, 72 Mo. 622; in which the same provision of positive law was made the basis of the decision.

In State ex rel Griggs v. Edwards, 78 Mo. 477, the statutory rule was invoked and a very liberal construction applied to the language of a petition on the ground that it seemed "to be what was intended by the pleader."

In Sumner v. Rogers, 90 Mo. 324, the section was again cited and a petition adjudged good by the aid of an admission in the answer.

In a very recent case a petition was sustained, although "very loosely drawn," by "taking its language in its plain and ordinary meaning and giving it such an interpretation as fairly appears to have been intended by its author." The court declared that such "was now the rule in code pleadings." Hickory Co. v. Fugate, 143 Mo. 79.

The principle embodied in the ruling last mentioned has been further approved in several decisions of the Courts of Appeals. Roy v. Boteler, 40 Mo. App. (K. C.) 213; Warnick v. Baker, 42 Mo. App. (K. C.) 439; Mendenhall v. Leivy, 45 Mo. App. (K. C.) 20; Bricker v. Stone, 47 Mo. App. (K. C.) 530; Jacquin v. Cable Co., 57 Mo. App. (K. C.) 320; Silcox v. McKinney, 64 Mo. App. (K. C.) 330; Padley v. Catterlin, 64 Mo. App. (K. C.) 629; Law v. Crawford, 67 Mo. App. (K. C.) 150.

3. It has been suggested by respondent that there is no allegation of substantial damages. Even if this were so, which we do not decide, it would not render the petition vulnerable to a general demurrer. If the charges of slander of title are sustained, plaintiff would be entitled to a judgment for at least nominal damages in vindication of his right. The right to such a judgment is a substantial one.

The learned circuit judge should have overruled the demurrer. The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion, in which Judge *Goode* concurs; *Bland, P. J.,* dissenting.

BLAND, P. J. (dissenting).—I. I do not think the learned trial judge committed error by sustaining the demurrer to the petition and therefore dissent from the opinion of my learned associates. I do not differ with them as to the law of the case, but as to the construction they have given the petition.

I can not see from any statement, allegation, or even by quotation marks, that the pleader had attributed to the defendants, or either of them, the utterance of any of the slanderous words or statements contained in the petition. In the majority opinion is the following sentence. "There is nothing in the language complained of to indicate that it does not portray the words used by the defendants." But there is nothing in the language complained of to indicate that it *does* portray the words used by the defendants. The petition leaves it to a mere guess or conjecture as to whether the slanderous language alleged in the petition was spoken by the defendants or whether the allegation of the defamatory words are the pleader's construction of the general purport of the words uttered by the defendants.

Further on in the majority opinion it is said: "In our opinion, there is nothing in the allegation before us to indicate that the pleader is not using the very language which is charged to be slanderous." For the reason that there is nothing in the petition to indicate that the pleader *is* using the very language which the defendants used, I think that the petition is bad, for it is well-settled law here and elsewhere that in an action for slander the defamatory language must be distinctly averred as uttered and that if it appears from the allegations that the pleader has not recited the language used but only its general purport and effect, his pleading is bad. The pleader (counsel for appellant) makes this important admission in his brief: "This being an action for damages in the nature of slander, the court held that the petition was bad because plaintiff failed to set out the exact words spoken by the defendant. If that is required in cases of this kind then we concede the petition is bad." By this admission it is plainly seen that the pleader did not regard the action as one on the case for slander, but one in the nature of slander; and that in his view it was not necessary to set out the precise defamatory words, but that it was sufficient to set out their

general purport; thus admitting that he did not undertake to set out the actual words uttered by the defendants, but his own construction of their language, whatever it may have been. In respect to the necessity of setting out the precise words constituting the slander, there is no distinction between actions for slander of title and slander of character. The precise words must be set out in either case. Falkard's Starkie, section 140. This is the common-law rule and has not been changed in this respect one iota by our code of civil procedure. The only material change made by the code in the rules of pleading applicable to this character of actions is, that it is no longer necessary for the plaintiff to aver extrinsic facts to show that the defamatory matter applied to him, it being sufficient to allege generally that the defamatory words were spoken of and concerning him (section 635, R. S. 1899).

The foundation of the action for slander is the defamatory matter. This must be precisely set out and to connect the defendant with its utterance it should with the same precision be averred that he spoke the defamatory words of and concerning the person or title slandered. Neither of these allegations should be left to mere guess or to be ingeniously drawn by inference as has been done by my learned brethren to sustain the petition in this case, and that, too, in the face of the admission by the pleader that the petition is bad if it is necessary to set out the precise language of defendants conveying the virus of the slander of plaintiff's title.

II.   I think the petition is bad in one other respect.   It is substantially alleged that plaintiff offered to sell the property to T. J. Jones for twelve hundred dollars and that Jones accepted the offer, but that before the deed was executed and the purchase price paid the defendants uttered the alleged slander on account of which plaintiff was compelled to sell the property to Jones for nine hundred dollars. For the purpose of the demurrer the petition shows that a complete contract of sale of the property at twelve hundred dollars had been

entered into between plaintiff and Jones before the utterance of the alleged slander—a contract, according to the allegations of the petition, the plaintiff might have enforced against Jones. The utterance of slander of title, however false, malicious and defamatory is not sufficient to sustain the action of slander. Some special pecuniary loss or damage must follow as the result of the utterance to authorize a recovery. To show such special damages it is generally necessary to show that the slander was uttered pending some treaty or public auction for the sale of the property and that thereby some intending purchaser was prevented from bidding or competing. Falkard's Starkie, section 128; Ogden on Libel and Slander, section 138; Burkett v. Griffith, 90 Cal. 532; Harriss v. Sneeden, 101 N. C. 273; Paull v. Halferty, 63 Pa. St. 46. If we are to be guided by the averments of the petition, the treaty for the property was closed by a valid and effective contract of sale prior to the utterance of the alleged slander and, therefore, plaintiff could not have sustained any special damages thereby.

I think the judgment should be affirmed.