### HOMER P. MAYO v. ABE GOLDMAN.

Decided November 11, 1909.

#### 1.—Slander—Words Actionable Per Se—Malice.

To impute to a clerk the charge that he had been bribed to betray his employer's interest is actionable per se, as affecting him injuriously in his occupation, though not charging him with a crime. Malice in such case is presumed, and it was error to instruct a finding for defendant unless the jury believed that the charge was made maliciously.

#### 2.—Same—Damages.

Plaintiff was entitled to recover at least nominal damages, for the use by defendant of language concerning him which was actionable per se, irrespective of the existence of any intent by defendant to injure him.

#### 3.—Same—Loss of Employment.

The manager of a mercantile company, being dissatisfied with the conduct of an employee, discharged him, using actionable language concerning him in doing so. In an action against such manager personally for slander the discharge by the company could not be taken to be a result of the slanderous words of the manager and made a ground for damages.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*Dudley & Dudley* and *D. B. Sturgeon,* for appellant.—The only issue under the pleadings was whether or not the defendant uttered and spoke the alleged slanderous words. The words, if spoken by the defendant, are actionable *per se* without proof of injury or damages, and it was not necessary to a recovery by plaintiff that the defendant in uttering the slanderous words should have done so maliciously. Zeliff v. Jennings, 61 Texas, 458; Saunders v. Hall, 22 Texas Civ. App., 282.

To charge one with dishonesty in his business or employment is actionable *per se,* and no injury or damage need be proved. Zeliff v. Jennings, 61 Texas, 466; Newell on Libel and Slander, 84, 168, 193, 195, 196, 197.

The court erred in giving the special charge asked by the defendant, to the effect that although the jury should find for plaintiff under the general charge they could not, in estimating his damages, allow him anything, by reason of the fact that he lost employment with the Goldman Grocer Co. Abe Goldman individually, and as president of the Goldman Grocer Co., are distinct legal entities, and loss of employment resulting from the slanderous words is recoverable. Missouri Pac. Ry. Co. v. Richmond, 73 Texas, 513.

*Moore & Park,* for appellee.—The language alleged to be defamatory must be construed as a whole; that is, the words must be construed in connection with other parts of the conversation and be interpreted as they would be understood by the hearers, taking into consideration the accompanying explanations and the surrounding circumstances which are known to the hearers. Thus construed, the language attributed to defendant was not actionable *per se,* and there being no

special damage alleged or proven, the court did not err in giving the charge complained of in this assignment. Ellis v. Whitehead, 95 Mich., 115; Ritchie v. Etneins, 73 Mich., 563; Hull v. Adkins, 50 Mo., 144; Trumble v. Foster, 87 Mo., 49; Clark v. Bohms, 37 S. W., 349; Niderer v. Hall, 67 Cal., 79; 25 Cyc., 250; Blackburn v. Clark, 41 S. W., 430; Fawsett v. Clark, 30 Am. Rep., 481.

The alleged defamatory words attributed to defendant, construed in connection with the accompanying explanations and surrounding circumstances, were not actionable *per se,* and no special damage having been alleged or proven, no other judgment than the one rendered could have been rendered. Fleming v. Mattison, 114 S. W., 650; Townsend on Slander and Libel, sec. 59; Worthington v. Wade, 82 Texas, 28; Galveston v. Morton, 58 Texas, 416; Emerson v. Emerson, 35 S. W., 426.

WILLSON, CHIEF JUSTICE.—Appellee was the president and manager of the Goldman Grocer Company, a concern engaged in a wholesale grocery business in the city of Paris. Appellant was an employe of said company—as "utility man," he testified. His duty, it seems, was to keep his employer advised as to its stock and the market price of goods it handled. One Webber was a traveling salesman for dealers in grocers' specialties, including pickles, preserves, etc. In June, 1904, while in Paris, Webber endeavored to sell to appellant as the manager of the Goldman Grocer Company a carload of pickles, and during the negotiations, as claimed by appellee, presented to Mayo certain jellies, preserves, etc. The acceptance by Mayo of the gift, as claimed by appellee, was a violation, it seems, of the rules controlling in the conduct of the grocer company's business, and appellee protested against it. In doing so, according to the testimony on the part of appellant, appellee in the presence of Webber and other parties charged him (appellant) with having been bribed by Webber, and thereupon as president and manager of said grocer company discharged him from his employment for said company. On the ground that the charge was slanderous and had resulted in injury to him, appellant commenced and prosecuted the action for damages, resulting in the judgment in appellee's favor, from which this appeal is prosecuted.

The first assignment complains of the action of the court in instructing the jury, in effect, to find for appellee, notwithstanding they believed he had charged appellant with having been bribed, as alleged, unless they also believed that the charge was made maliciously. Appellant's contention is that the words alleged to have been spoken of and concerning him by appellee were slanderous *per se,* and, therefore, that it was immaterial, so far as his right to recover actual damages was concerned, whether they were spoken maliciously or not. We think the contention must be sustained. According to the testimony admitted on appellant's behalf, appellee, in an angry manner and in the presence of several parties, charged Webber with having bribed appellant, and charged appellant with having been bribed by Webber, and thereupon discharged him. The general rule is that "oral words, however opprobrious, are not actionable without proof of special damage, unless they impute to another the commission of a crime." 18 Am. & Eng.

Ency. Law, 2d ed., pp. 908, 944, 965. To impute to a clerk that he has been bribed in connection with the discharge of duties he owes his employer, does not charge him with a crime known to our laws, and, therefore, we are of the opinion that the imputation charged to appellee did not bring his case within the general rule. An exception, however, to the rule as well established, perhaps, as the rule itself, is that "words which affect a person injuriously in his office, profession or occupation, are actionable *per se,* though they are oral, regardless of the fact that they do not impute the commission of any crime." Id., p. 965. To impute to a clerk that he has been bribed to betray the confidence of his employer, unquestionably tends to injure him in his vocation, and, if the imputation is false, it is *per se* slanderous. Fowles v. Bowen, 30 N. Y., 20; Missouri Pac. Ry. Co. v. Richmond, 73 Texas, 573. We understand the rule to be that when words spoken are *per se* slanderous, because they impute a crime or because they tend to injuriously affect the complainant in his business, or trade or calling, he is entitled to recover at least nominal damages, if the speaking thereof is not privileged and if the imputation they convey is false. In such a case, in the absence of evidence tending to show the contrary, it will be presumed that the words were spoken maliciously. In the case we are considering there was no testimony tending to show that the words as charged, if used at all by appellee, were used jocularly or otherwise innocently, and were not intended to convey the imputation claimed for them. Hence, an issue as to whether they were spoken maliciously or not was not raised by the evidence. Under such circumstances, in charging the jury, we think the court should have given effect to the presumption to be indulged in such cases, by assuming that the words, if spoken at all, were spoken maliciously. Belo v. Fuller, 84 Texas, 450; Ledgerwood v. Elliott, 51 S. W., 872; Brown v. Durham, 42 S. W., 331.

Another portion of the court's charge to the jury instructed them to find for appellee, notwithstanding they might believe he uttered the words as alleged, if they further believed that such words at the time and under the circumstances of their use "did not charge plaintiff with being bribed, or accepting a bribe," and were "not intended by defendant to injure plaintiff and charge him with acting dishonestly, and," the charge continued, "you believe from the evidence plaintiff suffered no injury therefrom; or if you believe from the evidence none of those present understood it as charging plaintiff with accepting a bribe, or being bribed, or of acting dishonestly, as alleged by plaintiff." The specific objection urged to such instructions is that, the words being *per se* actionable, appellant was entitled to recover "without proof of injury or special damages, and without proof that defendant thereby intended to injure him." For reasons suggested in disposing of the first assignment, this contention on the part of the appellant also must be sustained. If, as we think is true, the words charged to have been spoken were *per se* slanderous, and if they were spoken as charged, and the imputation they conveyed was a false one, appellant was entitled to recover at least nominal damages, without regard to appellee's intent in speaking them. 18 Am. & Eng. Ency. Law (2d ed.), p. 1088; Irwin v. Cook, 24 Texas, 244.

At appellee's request the court instructed the jury if they found for appellant not to "allow him anything by reason of the fact that he lost employment with the Goldman Grocer Company." Appellant insists that the instruction was erroneous, "because Abe Goldman individually and as president of the Goldman Grocer Company are disdinct legal entities, and loss of employment resulting from the slanderous words is recoverable." The assignment presenting this contention is overruled. Appellant, it appeared, was not discharged by the Goldman Grocer Company as a result and because of the use, as charged, by Goldman of the slanderous words, but because Goldman as the president and manager of the company was dissatisfied with what he believed to be his conduct while in the service of the company.

For the error referred to in the trial court's charge, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*