## FLOURNOY v. STORY.
### No. 12398.

Court of Civil Appeals of Texas. Fort Worth. Dec. 13, 1930.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Fischer & Fischer, of Wichita Falls, for appellee.

CONNER, C. J.

Appellant, A. M. Flournoy, instituted this suit against J. L. Story to recover actual and exemplary damages in a large amount for libel based upon a letter written by Story which was attached to the plaintiff's petition.

The trial resulted in a judgment that plaintiff, A. M. Flournoy, take nothing by reason of his suit, and that defendant, J. L. Story, be discharged with his costs. From the judgment so entered, plaintiff has duly prosecuted an appeal to this court.

The case was tried before a jury upon special issues, which, together with the answers thereto, are as follows:

"1. Do you find from a preponderance of the evidence that the statements made by the defendant of, about or concerning the plaintiff were true?

"Answer: No.

"2. If you have answered issue No. '1' 'yes,' you need not answer any subsequent issues, but if you have answered the same 'no,' then answer:

"Find from a preponderance of the evidence what amount, if any, if paid now, would reasonably compensate the plaintiff for the actual damages suffered by him, if any?

"Answer: None.

"3. In answering the above issue, you may take into consideration the occupation, age and standing of plaintiff and all of the surrounding circumstances, as well as any loss of credit, if any, positive or mental anguish, if any, arising therefrom or caused thereby, if you find that he suffered any pecuniary loss, together with any loss of reputation or standing among the people who know him and you may consider all of these matters in fixing the amount of damages, if any.

"3. Do you find by a preponderance of evidence that defendant Story was prompted by ill-will, hatred or malice towards the plaintiff at the time he made the statement concerning the plaintiff, if you have found the statements so made by the defendant Story to be untrue.

"Answer: Yes.

"In answering the above issue you are instructed that by the term 'malice' as used in this charge, is meant wrongful acts done or words spoken intentionally, towards, about or concerning a person without just cause or excuse, the person uttering same being at the time actuated by feeling of hatred or ill-will.

"4. If you have answered issue No. 3 'no,' then you need not answer this issue, but if you have answered 'yes,' then answer:

"Find by a preponderance of evidence what sum of money would reasonably punish the defendant for having made such wrongful and malicious statements, if you find that he made any concerning the plaintiff.

"Answer: $600.00.

"The damages referred to in special issue No. 4 is known as 'exemplary damages,' and as used in this charge is meant that punishment to which a person is subjected for the wilfull, wanton or reckless disregard of a persons' rights, which may be prompted by malice, ill-will or hatred. And if you find that at the time defendant made the statements that he believe the same to be true, then you will not find exemplary damages against the defendant as referred to in issue No. 4."

On the return of the verdict the plaintiff by written motion requested the court to enter judgment in his favor for $600, based on the verdict of the jury. This motion being overruled, the plaintiff further requested the court by motion that a mistrial be declared and the cause set down for trial at some future day. This was also overruled, and the court entered judgment as stated in the beginning of this opinion.

There is no brief in behalf of appellee, and the principal contention of appellant is that the court erred in overruling the motion to enter judgment in his favor. From the court's instructions it is evident that he assumed that appellee in fact wrote and circulated the letter alleged to be libelous, and that in fact the letter was libelous per·se, and appellant makes no complaint of the court having so assumed.

Article 5430, Rev. Civ. Statutes, defines libel as follows: "A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."

■The letter upon which the plaintiff predicated his suit and which, as stated, was attached to his petition, is quite voluminous, but we think it sufficient that, among other things, it in effect charged that plaintiff was a liar, a thief, and a swindler. That the letter was circulated and published as alleged is not disputed. So that, it cannot be said that the action of plaintiff in the prosecution of the suit was not justified.

In the case of Girard v. Moore, 86 Tex. 675, 26 S. W. 945, 946, decided by our Supreme Court in answer to a certified question, it was said: "It has been repeatedly held by this court that, where no actual damage is shown, there can be no recovery for exemplary damages. Flanagan v. Womack, 54 Tex. 45; Trawick v. Martin-Brown Co., 79 Tex. 460,

14 S. W. 564; Jones v. Matthews, 75 Tex. 1 12 S. W. 823."

■ It is stated in appellant's brief that it was upon this theory that the court entered the judgment appealed from, and appellant's counsel does not contend that the rule is otherwise than as stated in the case from which we have quoted, but the insistence is that a mistrial should have been declared. We are not prepared to concur in this contention, but we do think that the court erred in entirely discharging appellee as was done in his judgment, and that this error is apparent upon the face of the record, and hence available here in behalf of appellant as fundamental error.

In the case of Mayo v. Goldman, 57 Tex. Civ. App. 475, 122 S. W. 449, 450, by the Texarkana Court of Civil Appeals, it is said that: "If, as we think is true, the words charged to have been spoken were per se slanderous and if they were spoken as charged, and the imputation they conveyed was a false one, appellant was entitled to recover at least nominal damages, without regard to appellee's intent in speaking them. 18 A. & E. Ency. Law (2d Ed.) p. 1088; Irwin v. Cook, 24 Tex. 244."

In Butts v. Long, 94 Mo. App. 687, 68 S. W. 754, by the St. Louis Court of Appeals, it was held, quoting from the headnotes, that: "In an action for slander of title, plaintiff is entitled, on a proper showing, to a judgment for at least nominal damages, even though no substantial damages appear."

■ In numerous decisions of our own courts it has been held that, on any invasion of a right, damages are inferred in law so as to justify the award of a nominal or trifling sum. See cases cited in Digest of Texas Reports, vol. 5, page 839. There is a clear distinction in the definitions of nominal, actual, and exemplary damages. Nominal damages are not actual damages, but an arbitrary amount that may be assessed by court or jury for the invasion of a legal right, even though no actual damage may be awarded.

The case of Irwin v. Cook, 24 Tex. 244, cited in the quotation from Mayo v. Goldman, supra, was one in which the jury gave nominal damages only, and the question was whether the court erred in refusing a new trial. In disposing of the case it was said: "It may be, that in this case, it would have been proper for the jury to have given a verdict for a larger amount; but, as they had no evidence before them of any actual damage to the plaintiff, they could not be required to give more. It was a matter entirely within their discretion, in which they were to be governed alone by their own moral sense of justice. As, therefore, no damages were shown, nor any mode of arriving at any certain amount, the court did not err, in refusing a new trial."

274

■ In the case before us, it is not contended that there is any evidence tending to show that appellant suffered any actual damage. Indeed, no error is assigned to the finding of the jury that appellant suffered no actual damage. So that, we see no reason for holding that the trial court erred in refusing to declare a mistrial, but we think that the plaintiff should certainly be accorded the legal right to remove the cloud upon his good name, and, as already stated, that under the findings he was entitled to recover at least nominal damages.

It being our duty under the statutes to here render such judgment as the court below should have rendered, it is ordered that the judgment below be reversed and here rendered in appellant's favor for the sum of $1 as nominal damages, together with all costs of suit in the trial below, as well as all costs incurred on this appeal.