### SCHEIDLER v. BROCHSTEIN et al.
### No. 10002.

Court of Civil Appeals of Texas. Galveston.
June 29, 1934.

Rehearing Denied July 19, 1934.

Chas. B. Spiner and R. Dyrel Kirk, both of Houston, for appellant.

Wagner & Wagner and King C. Haynie, all of Houston, for appellees.

GRAVES, Justice.

The appellant sought damages of the appellees, Mr. and Mrs. Brochstein, for slander as a result of Mrs. Brochstein's having spoken in the presence of Anna Dahlgren, another waitress therein, and Mrs. Herman Rosenberg, wife of one of the owners, to the appellant in the café where she was employed, these words:

"I want you fired from here—I don't want you to work—You got a disease and you are going to spread it around here—and give it to my husband."

Anna Dahlgren did not hear the words, but Mrs. Rosenberg did; there being no other customers in the café at the time and no other persons who heard the words spoken.

Having heard the cause without a jury, the trial court, in addition to what has been stated, further found that while Mrs. Brochstein had so used these words toward the appellant loudly, in an outburst of temper over a prior controversy between the two, and with malice, she did not intend thereby to impute improper relations between her own husband and the appellant; further, that Mrs. Rosenberg testified to not having known what sort of disease was meant or intended

by the words used, hence that no other person than the appellant herself understood them to mean that she was affected with a venereal disease; finally, that the appellant was free of any venereal disease at the time the words were thus used to her.

In rendering judgment for the appellee upon the facts as stated, the court appended these conclusions of law:

"1. That neither the words alleged to be slanderous nor the words proven to have been spoken were as a matter of law slanderous per se.

"2. The petition does not state a cause of action by innuendo because it does not allege that the slanderous words spoken were understood by those who heard them to mean a venereal disease.

"3. That plaintiff having alleged by innuendo that the said words meant a venereal disease, she was bound to prove that a venereal disease and no other was understood to be meant by those who heard them.

"4. That the construction placed upon the alleged slanderous words by the plaintiff does not prove a cause of action."

 On the appeal, this court concludes that the judgment was erroneous and must be reversed, in that, while it is true that the petition neither alleges nor does the proof show that these words were understood by those who heard them to mean a venereal disease, they were in the pleading set out in his verbis, with the added averment that a venereal disease was meant, so at any rate did impute to the appellant an incapacity in the pursuit of her vocation as a waitress, by directly charging that she was at the time infected with, or affected by, an infectious or contagious disease, within the meaning of article 705 of the Penal Code of Texas, which expressly prohibits the employment of any such person by a café owner; this was actionable within itself, irrespective of the failure to further allege or show that such disease was a venereal one. Article 705, Penal Code Revised Statutes, 1925 (Texas); Texas Jurisprudence, Vol. 27, pp. 602–603; Miles v. Record Pub. Co., 134 S. C. 462, 133 S. E. 99, 45 A. L. R. 1112; Allen v. Earnest,(Tex. Civ. App.) 145 S. W. 1101; Mayo v. Goldman, 57 Tex. Civ. App. 475, 122 S. W. 449, 450.

In these circumstances, all the evidence heard being to the effect that the appellant had no disease at all, not only was pecuniary injury a natural if not necessary consequence of this statement about her, but she herself testified that it actually followed as a proximate result thereof both in her failure to be remarried to her former husband and to obtain other employment.

The applicable principle is thus respectively stated in the cited authorities. The text of 27 Texas Jurisprudence, at pages 602, 603, puts it: "And words not otherwise actionable per se sometimes become so if spoken of a person engaged in a particular business or profession, where they charge him with fraud, indirect dealings, or incapacity, and tend to injure him in his trade or business." In Allen v. Earnest (Tex. Civ. App.) 145 S. W. 1101, at page 1104, it is declared: "In our opinion the charge that General Freight Agent Allen was not reliable in any respect, and that his word was not good among those who knew him was libelous per se, and that such words come within the rule that presumes injury from their publication."

In Mayo v. Goldman, 57 Tex. Civ. App. 475, 122 S. W. 449, at page 450, the Court of Civil Appeals, says: "Words which affect a person injuriously in his office, profession, or occupation are actionable per se, though they are oral, regardless of the fact that they do not impute the commission of any crime."

While our Supreme Court in Missouri P. Ry. Co. v. Richmond, 73 Tex. 568, 11 S. W. 555, 556, 4 L. R. A. 280, 15 Am. St. Rep. 794, thus quotes with approval from Townsend's Libel and Slander: "The occupation alleged was one lawful in character, and we understand that 'language which concerns the person in his employment will be actionable, if it affects him therein in a manner that may as a necessary consequence, or does as a natural or proximate consequence, prevent him from deriving therefrom that pecuniary reward which probably he might otherwise have obtained,' is actionable."

It follows from these conclusions that the cause should be remanded for another trial not inconsistent with this opinion. It is accordingly so ordered.

Reversed and remanded.