## BILLINGTON v. HOUSTON FIRE & CASUALTY INS. CO.

No. 15086.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 6, 1950.

Rehearing Denied Feb. 10, 1950.

Lattimore, Couch & Lattimore· and Hal M. Lattimore, all of Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, J. A. Gooch and Charles L. Stephens, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

This is a slander suit. Appellant, who was the plaintiff in the court below, appeals from an instructed verdict in favor of the defendant.

In the petition on which plaintiff went to trial it was alleged that certain words were spoken, the words being enclosed within quotation marks. There was no pleading of innuendo, nor was there any pleading of special damage. Two principal questions are presented on appeal. The first is whether the words spoken were slanderous per se, and the second is whether, if the words were slanderous, the situation was clothed with a qualified privilege. The appeal being from an instructed verdict, the evidence will be considered in the light most favorable to appellant.

The evidence shows without dispute that appellant as agent had sold policies of insurance issued by appellee,· and that a considerable amount by way of net premiums was past due and unpaid by appellant at the time a controversy arose between appellant and a representative of appellee concerning their payment. The representative argued that the premiums were due to be paid to appellee and that appellant had promised to pay them. Appellant admitted an indebtedness of some amount, but said that he did not know whether to pay the premiums to

appellee or to a general agent who had formerly represented appellee and with whom appellant had done business. The argument culminated, according to the proof favorable to appellant, in the utterance by appellee's representative, in the presence of two persons other than himself and appellant, of the following words:

"You're a liar and a thief and a crook. You've got our money and you won't pay us. You are not worthy to wear that ring (pointing to a Masonic ring worn by appellant). I am a Mason. I am going to have that ring taken off of you and I am going to run you out of the Masonic Lodge. Furthermore, I am going to ruin you and hurt you every way in the world I can—I am going to put you out of business and I am going to have a letter on the way to Austin tonight that will do that."

Appellee promptly objected to the testimony that appellee's representative ·uttered the word "thief" on the ground that there was no allegation in the petition that appellant was called a thief. After appellant's counsel stated to the court that the word "thief" was in the petition, the court overruled the objection. The· petition did not allege that the word "thief" was uttered, there was no offer on appellant's part to amend the petition, appellee objected to proof of the utterance not pleaded, and we think that the trial court must be deemed to have instructed the verdict on the basis only of the words both pleaded and proved. We shall undertake to determine whether the words uttered, omitting the word "thief," were slanderous per se.

Although the rules in slander cases are in some respects different· from those in libel cases, we think that the following rules, though stated in a libel case, Deen v. Snyder, Tex.Civ.App., 57 S.W.2d 338, are equally applicable to a slander case:

The test to be applied in determining whether or not the language is libelous is: What effect would the publication have on the mind of the ordinary reader? It is not so much the idea which the speaker or writer intends to convey, as what he does in fact convey. It is for the court to de-

termine whether the language is ambiguous or unambiguous, and if unambiguous, if it is libelous per se. If it is ambiguous, that is to say, if it is readily susceptible of two meanings, one libelous, the other not, then it is for the court to decide whether or not by reason of the ambiguity evidence is admissible to establish a meaning by innuendo which would be libelous. If the language is unambiguous and is not on its face libelous, then it is the duty of the court to instruct a verdict for the defendant.

The office of innuendo is thus explained in Moore v. Leverett, Tex.Com. App., 52 S.W.2d 252, 255: "The innuendo cannot enlarge or restrict the natural meaning of words, introduce new matter, or make certain that which was uncertain, except in so far as it connects the words published with the extrinsic or explanatory circumstances alleged. But if the words are equivocal or ambiguous and admit of several meanings, it is proper to attribute to them in the innuendo the fixed and definite meaning which plaintiff thinks they ought to bear." ·

"If particular language alleged to be defamatory may, or may not, be so, according to other facts or circumstances, then an innuendo is required in order to tender as an issue the fact that the words conveyed to hearers the defamatory meaning." Montgomery Ward & Co. v. Peaster, Tex.Civ.App., 178 S.W.2d 302, 305.

As said above, there is no pleading of innuendo, nor is there pleading or proof of special damages, so we must decide whether the words above quoted, without connecting them with other facts or circumstances, are slanderous per se.

A good many of the cases cited by appellant in support of his contention that the words uttered were slanderous per se involve libelous as distinguished from slanderous utterances. Article 5430, Revised Civil Statutes, which we need not quote, defines libel. But, as is said in McDaniel v. King, Tex.Civ.App., 16 S.W.2d 931, there is no definition of slander in the Civil Code of Texas.

"The general rule· is that 'oral words, however opprobrious, are not ac-tionable without proof of special damage, unless they impute to another the commission of a crime.' * * * An exception, however, to the rule as well established, perhaps, as the rule itself, is that 'words which affect a person injuriously in his office, profession, or occupation are actionable per se, though they are oral, regardless of the fact that they do not impute the commission of any crime.' " Mayo v. Goldman, 57 Tex.Civ.App. 475, 122 S.W. 449, 450.

We may also add, although it is not material to the issues in this case, that "words spoken or written which 'falsely and maliciously, or falsely and wantonly,' impute to a female want of chastity, are actionable, without showing special damage arising therefrom." Hatcher v. Range, 98 Tex. 85, 81 S.W. 289, 292.

The words with reference to the Masonic ring were not slanderous per se, because they neither imputed to appellant the commission of a crime nor were they such as to affect him injuriously in his office, profession, or occupation. Eliminating this part of the utterance, and eliminating the word "thief" because it was not in the pleadings, there remain these words, charged to be slanderous per se: "You're a liar and a crook. You've got our money and you won't pay us. I am going to ruin you and hurt you every way in the world I can—I am going to put you out of business and I am going to have a letter on the way to Austin tonight that will do that."

The words "liar" and "crook" were opprobrious, but did not, in the absence of innuendo, impute the commission of a crime. The threat to ruin appellant and to hurt him, and to put him out of business, and to send a letter to Austin to accomplish that purpose, did not impute the commission of a crime. Nor were the words, taken by themselves and without explanation, such as would tend to affect appellant injuriously in his office, profession, or occupation. We have compared these words with those uttered in the cases cited by appellant. We omit reference to the libel cases because they are not in point in this particular regard.

In Yarborough v. Tate, 14 Tex. 483, the plaintiff was charged with being a thief. In Irwin v. Cook, 24 Tex. 244, he was charged with perjury. In O'Connor v. Dallas Cotton Exchange, Tex.Civ.App., 153 S.W.2d 266, the rule of libel cases, as to what constitutes an actionable defamation, is declared to be the rule which prevails in slander cases. The pronouncement is, we believe, at variance with the remainder of the appellate decisions in Texas, and we respectfully decline to follow it. In Scheidler v. Brochstein, Tex.Civ.App., 73 S.W.2d 907, the plaintiff, a waitress in a cafe, was charged with having a disease, which, in view of the pleaded innuendo, was held to bring the case within the rule allowing recovery for words spoken concerning a person in his employment. In Clark v. Bohms, Tex.Civ.App., 37 S.W. 347, plaintiff pleaded that he suffered special damage to his profession on account of the words uttered. In several other cases cited by appellant the words, either plainly or by innuendo, charged plaintiff with the commission of a crime, usually that of theft. In others, the slanderous statement charged a female with unchastity. In Mayo v. Goldman, 57 Tex.Civ.App. 475, 122 S.W. 449, cited supra, the plaintiff was charged with accepting a bribe in connection with his employment. The case clearly came within the rule relating to words affecting a person injuriously with respect to his employment, office, or occupation. In West Texas Utilities Co. v. Wills, Tex.Civ.App., 164 S.W.2d 405, the words uttered, in the light of the pleaded innuendo, charged an employee with attempting to practice a fraud on his employer by feigning a personal injury which did not exist. Such language obviously would tend to affect him injuriously in his employment.

In Montgomery Ward & Co. v. Peaster, Tex.Civ.App., 178 S.W.2d 302, 304, cited supra, defendant's manager asked of a third person the following question, referring to one of defendant's employees, the plaintiff in the suit: "Is that the man who sold you the two pairs of shoes for $2.00 and did not ring up the money?" It was held, there being no innuendo pleaded, that the words uttered did not amount to a charge that the plaintiff had embezzled the two dollars. The words uttered may have charged the commission of a crime or they may have charged merely the violation of a rule of defendant's store. They were ambiguous, and in the absence of innuendo, pleaded and proved, were not actionable.

The words "liar" and "crook" were abusive and opprobrious, but they did not impute the commission of a crime, nor were they, taken alone, such words as would tend to affect appellant injuriously in his business or employment. The threat to ruin appellant in his business, and to send a letter to Austin that would have such a result, were practically meaningless in the absence of a pleading of innuendo.

█ ."Written or printed words which charge dishonesty or fraud, or rascality and general depravity, are generally libelous per se; but, if spoken orally, ordinarily they are not slanderous per se." 53 C.J.S. Libel and Slander, § 18, p. 63. See cases involving particular charges cited Id., §§ 19–22, at pages 65–66. "Written charges of falsehood or want of veracity generally are libelous per se; but oral charges of this character ordinarily are not slanderous per se." Id., § 21, page 66.

Appellee contends that the circumstances of the case were such as to clothe the transaction with a qualified privilege. Since we hold that the words uttered were not slanderous per se and since special damage was neither pleaded nor proved, we need not determine the question of privilege.

The judgment of the trial court is affirmed.