Jack K. McDONALD,

v.

AMORET FARM SUPPLY, First National Bank and Myrle L. Nitsche, et al., Crossclaimants-Appellants,

v.

FIRST NATIONAL BANK, Crossclaimant-Respondent.

No. 32442.

Missouri Court of Appeals, Western District.

May 18, 1982.

Darold W. Jenkins, Independence, for crossclaimants-appellants.

Ralph E. Smith, Butler, for crossclaimant-respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This is an appeal from a directed verdict ordered in favor of defendant-First National Bank (Bank) on defendant-Myrle L. Nitsche's crossclaim for the willful and wrongful recording of a deed of trust. The judgment of the trial court is reversed and remanded.

The crossclaim in issue here arose out of an interpleader action in which both Nitsche and the Bank were named defend-

ants. Jack K. McDonald, as Successor Trustee for the Prudential Insurance Company of America, originally instituted a deed of trust foreclosure sale on a 440 acre plot of Nitsche's farm in Bates County, Missouri, wherein the plot was sold to the Bank for $280,000.00 to satisfy a note and expenses of $82,612.82 to Prudential. Immediately after the foreclosure sale, the sheriff of Bates County served McDonald with four garnishments, seeking to attach the excess funds of the foreclosure sale to satisfy judgments against Nitsche held in favor of four parties, of which the Bank was one. The Bank had obtained a judgment against Nitsche for $316,463.31. In response to these garnishments, McDonald filed a petition in interpleader, naming Nitsche, the Bank and the other garnishees as defendants.

Nitsche then initiated his crossclaim against the Bank. In this petition, Nitsche alleged that he had not signed a second deed of trust on the 440 acre plot (sold at the foreclosure sale on the first deed of trust which the Bank had taken and recorded as security for a note executed by Nitsche to the Bank for $100,000.00.) The petition requested actual and punitive damages for the Bank's "willful and wrongful act" of executing and recording the deed of trust that created an invalid lien on his land. The trial court ordered a separate trial of Nitsche's crossclaim.

Trial was had before a jury. The court made it clear that only two issues were to be tried: (1) "whether or not Myrle L. Nitsche did or did not sign and deliver the deed of trust to First National Bank" and (2) "if he did not [sign] then to decide if he was damaged." At trial, Nitsche testified that he signed the $100,000.00 note, but that he had not signed the deed of trust. What appeared to be Nitsche's signature appeared on the deed and said signature was notarized. Both the president of the Bank and the notary testified that Nitsche had appeared before them and signed the note and the deed of trust. On the issue of damages, Nitsche testified that his only actual damage was "around $2,000" he had paid his attorney in bringing this crossclaim.

Nitsche then attempted to testify concerning the mental anxiety and worries he allegedly suffered because of the Bank's recording of the supposedly valid deed of trust. The Bank objected to this testimony on the ground that it pertained to special damages and that Nitsche's petition had not specifically pleaded such damages. The trial court sustained the Bank's objection, after which Nitsche presented no further evidence of damages. The court directed the verdict at the close of plaintiff's evidence.

■ On appeal, Nitsche's only point contends that the trial court erred in directing the verdict for the Bank when a question of fact still remained as to whether or not he had signed the deed of trust. Nitsche's testimony denied his signing the deed of trust, whereas the Bank claimed he had signed. Since there was a factual dispute as to the signing of the deed of trust, a directed verdict on that issue could not follow.

■ The Bank also argues that the directed verdict should stand because Nitsche failed to specifically plead any special damages. Essentially, the Bank asserts that Nitsche's petition failed to state a claim. "However, if the petitioner's allegations invoke substantive principles of law which may entitle the pleader to relief, it will be sustained even though the cause of action is imperfectly or defectively stated." *Euge v. Golden,* 551 S.W.2d 928, 930 (Mo.App.1977), and cases cited therein. In the instant case, Nitsche's petition states a claim for slander of title, which does not require a showing of special damages.

In *Euge,* the court stated that "[r]ecordation of a false instrument does state a claim under slander of title." *Id.* at 932. The court cited to *Greenlake Inv. Co. v. Swarthout,* 161 S.W.2d 697 (Mo.App.1942), wherein the court said:

> It is true, as defendant's point out, that plaintiff's petition does not allege any special damages suffered as the result of defendant's acts, but we think it is clear that plaintiff's legal rights were injuriously affected by the acts of defendants, and even though plaintiff suffered no

substantial actual damages, it would nevertheless be entitled, on proof of such charges, to nominal actual damages because of the wrongful invasion of its rights by defendants.

*Id.* at 699. *See also Butts v. Long,* 94 Mo.App. 687, 68 S.W. 754 (1902). In *Euge,* the plaintiff alleged a false deed of trust was recorded against his property with an intent to defraud him. In *Greenlake* it was the recording of an alleged false mechanic's lien.

In the present case, the jury has to decide whether Nitsche signed the second deed of trust recorded by the Bank. If the jury finds in favor of Nitsche on that issue, the holding in *Greenlake* would support an award of at least nominal damages, which in turn could sustain an award of punitive damages. *Id.* at 699. As the court stated in *Euge:* "... although plaintiff may have difficulty proving his allegations, he should be afforded his day in court ...." 551 S.W.2d at 932.[1]

The judgment resulting from the trial court sustaining the Bank's motion for directed verdict is reversed and the cause remanded.

---

1. A certificate of acknowledgment to a deed is only prima facie evidence of the facts recited. In order to overcome this prima facie case, plaintiff must show by a "clear and decided preponderance of evidence" that the signature on the deed was false. *Albright v. Stevenson,* 227 Mo. 333, 126 S.W. 1027, 1028 (1910). *See* § 490.430, RSMo 1978.