Alvin SANDERS and Loretha Sanders,
Plaintiffs–Appellants,

v.

PETE & SONS GARAGE, INC., A
Missouri Corporation, Defendant,

and

Jim Tharp and Delores Tharp,
Defendants–Respondents,

and

Jerry Tharp and Debra Tharp, Fleet Parts
Sales, Inc., a Corporation; and Truk
Shak, Inc., a Corporation, Defendants,

and

Ron Covell and Julie Covell,
Defendants–Respondents.

No. 15888.

Missouri Court of Appeals,
Southern District,
Division Two.

May 16, 1989.

Steven Privette, Willow Springs, for plaintiffs-appellants.

Robert W. Stillings, Springfield, for defendants-respondents.

PREWITT, Judge.

The trial court directed a verdict in favor of defendants on plaintiffs-appellants' petition and a jury found for plaintiffs-appellants on defendants-respondents' counterclaim. Thereafter, pursuant to a motion for new trial the trial court granted respondents a new trial on their counterclaim because the verdict was against the weight of the evidence.

██ Rule 78.02 gives the trial court the authority to grant one new trial on the ground that the verdict is against the weight of the evidence where there is substantial evidence to support a verdict for the party receiving the new trial. *Pitman v. State Farm Mutual Automobile Insurance Co.*, 714 S.W.2d 230, 231 (Mo.App.

1986); *Wilson v. Missouri–Kansas–Texas R.Co.*, 595 S.W.2d 41, 46 (Mo.App.1980).

Appellants do not argue with the proposition just stated, but contend that respondents failed to present a cause of action as they did not prove any damage. Two counts of the counterclaim were based on slander of title due to two lis pendens, one filed against property owned by respondents Ron and Becky Covell and one against property owned by respondents Jim Tharp and Delores Tharp. Respondent Becky Covell also counterclaimed for abuse of process. We first discuss appellants' contentions regarding the claims for slander of title.

■ If a claim of slander of title is otherwise established, even though plaintiffs suffered no substantial actual damages, they are entitled to nominal damages because of the wrongful invasion of their rights. *McDonald v. Amoret Farm Supply*, 634 S.W.2d 255, 256–257 (Mo.App. 1982); *Greenlake Inv. Co. v. Swarthout*, 161 S.W.2d 697, 699–700 (Mo.App.1942).

Although, according to the authorities stated above, it is not necessary that actual damages be shown for respondents to receive a favorable verdict, there was evidence that respondents were damaged by the lis pendens being filed. This contention is denied.

Appellants also contend that respondents Jim Tharp and Delores Tharp failed to establish their claim because the legal description of the lis pendens filed against their property did not actually describe the real estate. This lis pendens refers to "[p]art of the SE ¼ of the SW ¼". The legal description in the warranty deed by which the Tharps received the property refers to the "east half (E ½) of the southeast quarter (SE ¼) of the southwest quarter (SW ¼)".

Of course, the east half would be a part of the southeast quarter of the southwest quarter and the description in the lis pendens might be sufficiently definite that it would be discovered in a title search. In addition, there was evidence that this lis pendens prevented them from obtaining a loan. It is not a question of whether or not the lis pendens was technically effective, but whether it would have the effect of creating a cloud on the title and would be a hindrance in the transfer of the property. See *Greenlake*, 161 S.W.2d at 699. The lis pendens was such that it might create such a problem, and there was evidence that it did so.

■ Appellants claim that there was no evidence of damages to support respondent Becky Covell's counterclaim for abuse of process is also without merit. She testified that because of the suit she had to take time to appear in court and discuss the case; that the lawsuit made her nervous and caused her to have an upset stomach and lack of sleep.

The motion to dismiss the appeal which was ordered taken with the case is denied. The motion for damages due to frivolous appeal, also ordered taken with the case is denied.

The order granting a new trial is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.